STEVENS (BRYAN v.). See Case No. 2,066a.

# Case No. 13,395.
## STEVENS v. CADY.
[2 Curt. 200.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1854.

COPYRIGHT—ACCOUNT OF PROFITS—PENALTIES.

1. An account of profits may be decreed to the owner of a copyright, as incidental to the relief by injunction, but it must be prayed for in the bill.

2. Such an account cannot embrace penalties. [Cited in Chapman v. Ferry, 12 Fed. 695; Untermeyer v. Freund, 7 C. C. A. 183, 58 Fed. 211.]

[This was a bill in equity by James Stephens against Isaac H. Cady to restrain the infringement of a copyright. See note to Case No. 13,400.]

This case having been remanded to this court by a decree of the supreme court (see 14 How. [55 U. S.] 528), now came on for a final decree. It appeared that the bill prayed for an injunction, and for a delivery up of the copperplate, and also all copies of

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

the map, the exclusive right to print and publish which, belonged to the complainant, and also for the forfeiture of one dollar for each sheet so illegally published, pursuant to the seventh section of the act of congress of February 3, 1831 (4 Stat. 436), but did not pray for an account.

Mr. Randall, for complainant.
Mr. Ames, contra.

CURTIS, Circuit Justice. Relief by an account, when prayed for, is incidental to an injunction. Baily v. Taylor, 1 Russ. & M. 73; Colburn v. Simms, 2 Hare, 550; and therefore, though there is no express grant of power by any act of congress, to this court, to take an account in such a case, yet, as by the act of February 15, 1819 (3 Stat. 481), the circuit courts of the United States have authority "to grant injunctions according to the course and principles of courts of equity, to prevent the violation of the rights of any authors or inventors," I take it to be clear that an account may be decreed. But the course and principles of courts of equity, require it to be prayed for, and this bill not only contains no prayer for an account, but none for general relief. I cannot, therefore, embrace in the final decree any profits, received by the defendant, from the unlawful sale made by the defendant. As to the delivery up of the plate and the sheets, the complainant has no title to either of them, save through the forfeiture provided for in the seventh section of the act of February 3, 1831; and a court of equity does not enforce forfeitures or penalties, unless expressly directed by statute to do so. 41 Geo. III. c. 107, not only inflicts the like forfeiture of the sheets, but further provides that the offender "shall deliver the same to the proprietor, or proprietors of the copy-right of such book or books, upon order of any court of record, in which any action or suit in law or equity shall be commenced, or prosecuted by such proprietor, or proprietors, to be made on motion or petition to the said court." No corresponding provision is contained in any act of congress. In Colburn v. Simms, 2 Hare, 554, Sir J. Wigram. V. C., held that there was no common law right to such a delivery, and it must rest entirely upon statute. Here there is a statute which creates the right, but as it is by way of penalty, and no statute directs or enables a court of equity to enforce that penalty, I am of opinion no decree can be made for it. The proprietor of the copyright is left by the act to his remedies at law by trover or replevin. See Stevens v. Gladding, 17 How. [58 U. S.] 447. The same remarks apply to the claim for the pecuniary penalty. with the additional reason, that as the forfeiture accrues, one half to the proprietor, and one half to the use of the United States. it is the proper subject only of a qui tam action.

Let a decree for a perpetual injunction, and costs, be entered.