## Case No. 11,791.

### RICHARDSON v. MILLER et al.

[12 O. G. 3; 15 Alb. Law J. 340; 3 Law & Eq. Rep. 614.] [1]

Circuit Court, D. Massachusetts. April 13, 1877.

COPYRIGHT—DESIGN FOR PLAYING CARDS—NOVELTY—IN WHAT IT MAY CONSIST—PUBLIC POLICY—GAMBLING.

1. A copyrighted design for playing-cards is infringed by the manufacture of cards which, though differing in some respects, exhibit a striking similarity in those distinctive features of the main design wherein the cards registered differ from other playing-cards previously used.

2. It is no answer to the charge of infringement that the whole of the design has not been copied if those features of it have been appropriated which substantially embrace the novelty of the conception and the value in the application of the art of the designer.

[Cited in Fishel v. Lueckel, 53 Fed. 500.]

3. In some prints the novelty of the design may consist in the form. outline, or grouping; in others, in the use. combination, arrangement, or harmony of colors: in others. in the combination of some or all of these attributes.

[Cited in Yuengling v. Schile, 12 Fed. 107.]

4. The doctrine is as applicable to prints and engravings as to books. that one cannot take the vital part of another's work, although it may be a small part in quantity. or insert distinct and material portions of one work into the general texture of another, constituting its

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[1] [15 Alb. Law J. 340. and 3 Law & Eq. Rep. 614, contain only partial reports.]

chief value, without being chargeable with infringement.

5. The fact that the prints (cards) may be used by persons to violate the laws against gambling, does not of itself deprive them of the protection of the law.

6. Courts of justice will not lend their aid to protect the authors of immoral works; but before refusing it must be made to appear either that there is something immoral, pernicious, or indecent, in the things per se; or that they are incapable of any use except in connection with some illegal or immoral act.

[This was a bill in equity by Ivory W. Richardson against William F. Miller and others for the infringement of a copyright.]

SHEPLEY, Circuit Judge. There cannot be a reasonable doubt, upon the evidence in this record, that the assignor to the complainant had perfected and copyrighted his designs before the defendants had made much progress in their work of getting up their playing-cards.

The contention on the part of the defendants is, that their prints are unlike the cards copyrighted by Richardson, and do not infringe the copyright. It is true that there are certain marked differences between the prints of the copyrighted court-cards of Richardson and the court-cards of the defendants. There is much less space in the center of the cards. The faces of the kings and queens are turned in a different direction. There is a difference in the spaces between the heads on the court-cards. There are marked differences in color also, so that the cards of the defendants are easily distinguished from those of the complainant.

On the other hand, there is a striking similarity in those distinctive features of the main design wherein the printed cards of the complainant differ from other playing-cards previously used. In the court or face cards of both complainant and defendants, there is a suit-spot in the center of a circular card, with five similar heads arranged at equal distances from each other around the central suit-spot, with five smaller suit-spots near the outer margin of the circle, at equal distances apart and intermediate betwixt each pair of heads. These distinctive features of the main design being thus reproduced in the impressions of the defendants' prints, it is no answer to the charge of infringement that the whole of the design has not been copied, if those features of it have been appropriated which substantially embraced the novelty of the conception and the value in the application of the art of the designer. In a print or an engraving it is easy, by a change in the tint of the ink or paper, to make an impression obviously distinguishable from the copyrighted print or engraving, taken from a block or plate the exact counterpart or fac-simile of the one from which the copyrighted print or engraving was produced. So, the material parts of an architectural design, or of an artistic group of figures may be copied, while, by the omission or change of some of the accessories in the picture an impression may be made, in many respects very different from the original copyrighted design, yet reproducing and appropriating all that constituted its novelty and value, and all that the designer was anxious to protect. In some prints the novelty of the design may consist in the form, outlines, or grouping; in others, in the use, combination, arrangement, or harmony of colors; in others, in the combination of some or all of these attributes. In determining the question of infringement or violation of copyright, each case must be determined by ascertaining whether the alleged infringing print contains any substantial repetitions of any material parts which are original and distinctive in the print from which the parts are copied. "The entirety of the copyright is the property of the author, and it is no defense that another person has appropriated a part and not the whole of any property." Story, J., in Folsom v. Marsh [Case No. 4,901]. The doctrine is as applicable to prints and engravings as to books, that one cannot take the vital part of another's work, although it may be a small part in quantity, or insert distinct and material portions of one work into the general texture of another, constituting its chief value, without being chargeable with infringement. Bramwell v. Halcomb, 3 Mylne & C. 737, 738; Saunders v. Smith, Id. 711; Wilkins v. Aikin, 17 Ves. 422; Mawman v. Tegg, 2 Russ. 385.

It is also claimed that the complainant's copyright is invalid, for the reason that his prints are not the fit subject of a copyright. Courts of justice will not lend their aid to protect the authors of immoral works. But where there is nothing immoral or improper in the prints themselves, the fact that they may be used by persons to violate the laws against gambling, does not, of itself, deprive them of the protection of the law. To do this is must appear either that there is something immoral, pernicious, or indecent in the things per se, or that they are incapable of any use except in connection with some illegal and immoral act. It is not contended that the playing-cards of the complainant are subject to either of these imputations. Decree for injunction and account.