## DRYFOOS and another *v.* FRIEDMAN and another.

*(Circuit Court, S. D. New York. January 4, 1884.)*

1. PATENTS—DESIGN PATENT No. 4,802—INFRINGEMENT.

Design letters patent No. 4,802, dated April 11, 1871, and granted to William H. Walton for a design for printed material for gored skirts, consisting of printing a series of gore-shaped patterns, made to match around the lower edge in a skirt, the narrow end opposite the broad end of another, on a piece of woven fabric, so as to fill the width of the fabric; leaving blank spaces for seams, with

dotted lines in the blank spaces by which to divide the fabric into parts, having each a pattern of proper shape to be sewed together into a full skirt, are not infringed by the gore-shaped patterns printed according to the patent, but already divided, ready to be sewed together into skirts, or by cutting skirt fabrics printed with gore-shaped patterns, the wide ends of which are placed alternately opposite the narrow ends, filling the width of the fabric, but without blank spaces for seams or lines or marks by which to divide them other than the outlines of the patterns.

2. SAME—DIFFERENCES IN DESIGN.

The differences in designs necessary to take away their identity in law are such appearances as would attract the attention of an ordinary observer, giving such attention as a purchaser of the articles in question, for the purposes for which they were intended and purchased, would usually give.

3. SAME—INFRINGEMENT OF PART OF DESIGN.

There may be an infringement of a patented design without taking the whole of it, but in such cases the part taken must be a part covered by the patent.

In Equity.

*Edmund Wetmore,* for orators.

*Roderick Robertson,* for defendants.

WHEELER, J. The orators own design letters patent No. 4,802, dated April 11, 1871, and granted to William H. Walton for a design for printed material for gored skirts, consisting of printing a series of gore-shaped patterns, made to match around the lower edge in a skirt, the narrow end of one opposite the broad end of another, on a piece of woven fabric, so as to fill the width of the fabric, leaving blank spaces for seams, with dotted lines in the blank spaces by which to divide the fabric into parts having each a pattern of proper shape to be sewed together into a full skirt. The claim is for the "shape or configuration of a series of patterns for gored skirts printed upon a piece" of fabric, as shown and described. This suit is brought for relief against infringement. The answer does not deny the validity of the patent, but denies infringement by the defendants or either of them. The proof shows that the defendant Abraham I. Friedman sold a lot of gore-shaped patterns printed according to the patent, but already divided, ready to be sewed together into skirts, to a person sent to purchase them for the orators, and that he has cut up skirt fabrics printed with gore-shaped patterns, the wide ends of which were placed alternately opposite the narrow ends, as specified in the patent, filling the width of the fabric, but without blank spaces for seams, or lines or marks by which to divide them, other than the outlines of the patterns. There is no proof whatever that the defendant Daniel F. Friedman has in any way done anything himself that is claimed to be an infringement, or that he has been in any way connected with Abraham I. Friedman in what he has done that is claimed to be an infringement. The invention would seem to have been better adapted to a patent for a manufacture than to one for a design. *Clark* v. *Bousfield,* 10 Wall. 133. But as a design patent was asked for and granted, and is not attacked, it must stand good for what it will properly cover. The sale procured by and to another for the orators, would not of itself

probably be an unlawful infringement of which they could justly complain; yet, when made in the usual course of business, as of goods kept for sale, it might be evidence of sales of similar goods to others. Still, as the patent is not for the design of the patterns separately or united in a skirt at all, but only for the design of the series of patterns as printed on the piece of fabric, it is not easy to see how the sale of the patterns divided could be an infringement of that patent. The design patented would not be there in that sale, and might not have been present in any use by that seller. When the piece of fabric was separated, and the patented design gone, there would not seem to be any infringement by a subsequent user or seller of the parts who was innocent before. But the cutting up of the fabric would undoubtedly be an unlawful use, if the fabric cut up was an infringement. The only evidence that Abraham I. Friedman cut up such fabric comes from his own cross-examination as a witness for the orators. In testifying to what he so used, he states that it is the same as used by him in 1868. If this is taken to be true, as the rest is, the patent, about which nothing prior to its grant is shown, could properly cover nothing but the improvement upon this, which would be merely the blank spaces for seams and the lines in these spaces by which to divide the patterns. As this defendant does not use these spaces nor lines, in this view, he would not infringe. Further, the prior printing of patterns upon woven fabrics for cutting apart and making up is well shown by other evidence. The patent could properly cover the improvements upon such, if this defendant's testimony as to what he had done before should be laid aside. As this patent, as before mentioned, does not cover the patterns, the improvements would consist in the design of the arrangement of them on the fabric, advantageously to be divided, for the fabric was not intended for use whole, but only by cutting the patterns apart. The spaces for seams, and lines in them to divide by, were prominent and important. The appearance of the pieces of fabric with and without these spaces and lines might be so nearly the same that the difference would not attract the attention of a disinterested observer, but it would at once be noticeable to ordinary purchasers or users of such material. The differences in designs necessary to take away their identity in law are understood to be such appearances as would attract the attention of an ordinary observer, giving such attention as a purchaser usually gives. *Gorham Co.* v. *White*, 14 Wall. 511. This, of course, means purchasers of the articles in question for the purposes for which they were intended and are purchased. A purchaser of these fabrics would, ordinarily, be a person intending to cut them up and make them into skirts or sell them to others to make into skirts. A purchaser of ordinary observation, with that intention, would notice at once these prominent facilities for accomplishing those purposes. To such a person the design patented and that used by the defend-

ant would be quite different. As argued for the orator, there doubtless might be an infringement of a patented design without taking the whole of it, but in such cases the part taken must be a part covered by the patent. *Richardson* v. *Miller,* 12 O. G. 3; *Wood* v. *Dolby,* 7 FED. REP. 475. The orators do not appear to have shown that the defendants or either of them infringe.

Let there be a decree that the defendants do not infringe, and that the bill for that cause be dismissed, with costs.