## SARONY *v.* EHRICH and others,

*(Circuit Court, S. D. New York. June 24, 1886.)*

**1. COPYRIGHT—INFRINGEMENT—PRINTS—Rev. St. U. S. § 4965.**
Under section 4965, Rev. St. U. S., relating to the infringement of copyrights, the actual infringing prints can alone be recovered, and when the prints are out of the possession and beyond the control of the infringer the proprietor of the copyright cannot recover of him their value in an action at law.

**2. SAME—FORMER JUDGMENT—BAR TO RECOVERY.**
Judgment entered in a former action against a lithograph company, by whom prints were printed for an infringer of a copyright, is a bar to further recovery by the proprietor of the copyright in an action against the infringer for the value of the prints.

At Law. Tried by the court.

This is an action to recover $535, the value of 70,000 lithographic copies of a photograph of Oscar Wilde, copyrighted by the plaintiff. These copies were printed by the Burrow-Giles Lithographic Company for the defendants, and published and circulated by them. Prior to the commencement of this action they had all passed out of the possession of the defendants.

The defenses are: *First.* That under section 4965 of the United States Revised Statutes the actual infringing prints can alone be recovered. There is no provision of law by which the plaintiff can obtain judgment for their value. *Second.* That after the distribution by the defendants as aforesaid the plaintiff commenced an action against the lithographic company and recovered the money value of all copies printed and sold by it, including those in controversy.

The judgment entered in that action has been paid, and is a bar to a further recovery. Section 4965 is as follows:

"If any person, after the recording of the title of any map, chart, musical composition, print, cut, engraving, photograph, or chromo, or of the description of any painting, drawing, statue, statuary, or model-or design intended to be perfected and executed as a work of the fine arts, as provided by this chapter, shall, within the term limited and without the consent of the proprietor of the copyright first obtained in writing, signed in presence of two or more.witnesses, engrave, etch, work, copy, print, publish, or import, either in whole or in part, or by varying the main design with intent to evade the law, or knowing the same to be so printed, published, or imported, shall sell or expose to sale any copy of such map or other article, as aforesaid, he shall forfeit to the proprietor all the plates on which the same shall be copied, and every sheet thereof, either copied or printed, and shall further forfeit one dollar for every sheet of the same found in his possession, either printing, printed, copied, published, imported, or exposed for sale; and in case of a painting, statue, or statuary, he shall forfeit ten dollars for every copy of the same in his possession, or by him sold or exposed for sale; one-half thereof to the proprietor and the other half to the use of the United States."

*Gurnsey Sackett* and *A. T. Gurlitz*, for plaintiff.

*Stine & Calman* and *D. Calman*, for defendants.

COXE, J. The section in question must be strictly construed. *Backus* v. *Gould*, 7 How. 798. No authority has been cited to sustain the proposition that when the piratical prints are out of the possession and beyond the control of the infringer the proprietor of the copyright can recover of him their value in an action at law. It would require an exceedingly strained construction, almost a distortion of the act, to make it fit the present circumstances. It is no answer to say that the remedy provided by law is ineffective; that the wrong-doer may escape the consequences of his infringement; that the opportunity for redress diminishes in proportion to the success of the infringement, and ceases wholly when the wrong is fully consummated. These arguments might, with great propriety, be addressed to the law-making power, and congress could, perhaps, be induced to render effectual, by a few simple amendments, provisions which, in their present form, are so obviously defective and inadequate. With these considerations, however, the courts have nothing to do. They must deal with the law as it is, not as it ought to be. But even though the statute should be construed in accordance with the plaintiff's contention, it is not easy to see why the proposition advanced by the defendants, that he has already recovered the value from the lithographic company, and cannot, therefore, recover it again, is not well founded.

The defendants are entitled to judgment.