## TAFT *v.* STEPHENS LITH. & ENG. CO.

*(Circuit Court, E. D. Missouri, E. D.* March 20, 1889.)

FEDERAL COURTS—JURISDICTION OF CIRCUIT COURT—COPYRIGHT LAWS—QUI TAM ACTIONS.

In view of act July 8, 1870, § 106, conferring on the circuit courts jurisdiction of all actions arising under the copyright laws, whether civil or penal in their nature, those courts, under Rev. St. U. S. § 629, cl. 9, giving them jurisdiction of all suits arising under the copyright laws, have jurisdiction of *qui tam* actions for penalties imposed by section 4963, for violations of the law relating to copyright, though by section 563 the district courts have jurisdiction of all suits for penalties and forfeitures incurred under the laws of the United States.

At Law. On plea to jurisdiction.

*Qui tam* action by Marcus H. Taft, who sues, etc., against the Stephens Lithographing & Engraving Company.

*W. E. Fisse,* for plaintiff.

*Paul Bakewell,* for defendant.

THAYER, J. This is a *qui tam* action, brought to recover certain penalties imposed by section 4963, Rev. St. U. S., for violations of the law relating to copyright. Defendant's attorney contends that the jurisdiction to recover penalties of such character is vested in the United States district court, and not in the circuit court. He has accordingly filed a plea to the jurisdiction. By section 9 of the judiciary act of 1789, United States district courts were given jurisdiction "of all suits for penalties and forfeitures incurred under the laws of the United States." This clause has ever since continued in force, and reappears in the Revised Statutes of the United States as subdivision 3 of section 563. Suits to recover penalties imposed by the laws of the United States must accordingly be brought in the United States district court, unless jurisdiction to recover a particular penalty is vested in the circuit court by the statute imposing the penalty. It is claimed by plaintiff's attorney that jurisdiction of suits to recover penalties imposed by section 4963, is vested in the United States circuit court by the ninth clause of section 629, Rev. St. U. S., which gives that court jurisdiction "of all suits at law or in equity arising under the patent and copyright laws of the United States." If the claim was based solely on the phraseology of the ninth clause of section 629, we should be disposed to overrule it, and to hold that the suits therein referred to, and over which the circuit court is given jurisdiction, are ordinary civil suits at law and in equity to recover damages for, or to restrain, infringements of patents and copyrights, and that the clause does not confer jurisdiction upon this court over suits of a penal character; that is, of suits brought to recover penalties imposed by the patent and copyright laws. It must be borne in mind, however, that the ninth clause of section 629 is based on sections 55 and 106 of "An act to consolidate and amend the statutes relating to patents and copyrights," approved July 8, 1870, (16 St. at Large, 206, 215.) We infer

that the revisers, in drafting the ninth clause of section 629, did not intend to disturb the jurisdiction then vested in the United States circuit court, conferred by the two sections of the act last alluded to. By reference to the act of July 8, 1870, it will be seen that section 106 provides "that all actions, suits, controversies, and cases arising under the copyright laws of the United States shall be originally cognizable, as well in equity as at law, whether civil or penal in their nature, by the circuit courts of the United States, or any district court having the jurisdiction of a circuit court." Prior to that enactment congress had expressly authorized certain other penalties imposed by the copyright laws to be sued for in the circuit as well as in the district courts of the United States. *Vide* 14 St. at Large, 395, § 1, act Feb. 18, 1867. In view of section 106 of the act of July 8, 1870, we think it clear that congress intended thereby to give the United States circuit courts jurisdiction of suits brought to recover penalties imposed by the copyright laws of the United States, and that it retains such jurisdiction since the revision of the laws of the United States, by virtue of clause 9 of section 629, *supra.* The reference made in section 106 of the act of July 8, 1870, to suits of a penal as well as of a civil nature, makes it certain that *qui tam* actions arising under the copyright laws were within the contemplation of congress when that section was enacted, and that jurisdiction of such suits was intended to be conferred on the circuit court. The plea to the jurisdiction is accordingly overruled.