FISHEL et al. v. LUECKEL et al.

(Circuit Court, S. D. New York. December 23, 1892.)

1. COPYRIGHT—INFRINGEMENT—JOINT TORT FEASORS.
   Defendants bought certain copyrighted pictures, furnished them to a photogravure company, ordered copies to be made, and gave general directions as to how the work should be done; the company agreeing to take the risk of infringement. *Held,* that defendants were liable for infringement as joint tort feasors.

2. SAME—INTENT IMMATERIAL.
   When the infringement of copyright is established, the question of intent is immaterial. Harper v. Shoppell, 26 Fed. Rep. 519, followed.

3. SAME—ENGRAVINGS AND ETCHINGS—INCOMPLETE COPIES—PHOTOGRAVURE.
   A photogravure company, under an agreement with defendants, made copies of copyrighted engravings and etchings, omitting the tint, title, and plate mark, shipped them to London, and there caused the tint, title, and plate mark to be put on, and delivered the finished pictures to defendants. *Held,* that under Rev. St. § 4952, the copyright was infringed, whether the unfinished copies were marketable or not.

4. SAME—REMEDIES—INJUNCTION WITHOUT PROOF OF DAMAGE.
   On proof of infringement of copyright, injunction should issue without proof of actual damage.

In Equity. Bill by Aaron A. Fishel, Abraham I. Adler, and Samuel Schwartz against August Lueckel, William Unger, and Henry Heininger for infringement of copyright. Decree for complainants.

Benjamin F. Lee, for complainants.
Samuel Greenbaum, for defendants.

TOWNSEND, District Judge. In this case the complainants are the owners of six copyrights for certain engravings and etchings. Under an agreement with the defendants, the Brooklyn Photogravure Company, of New York, manufactured copies of said pictures, omitting from said copies the tint, title, and plate mark, and shipped them in this condition to London, where it caused the tint, title, and mark to be put on, and delivered the finished pictures to defendants. The defendants deny infringement, because, as they claim, the copies were not complete without tint, title, and plate mark, and therefore were not marketable. That being so, they claim that the copies produced by the photogravure company were not "copies" in the sense in which the term is used in the copyright law. The evidence shows that, although it is usual to tint and mark such pictures, yet incomplete copies such as were produced by the photogravure company would have some market value. This fact alone would seem to be sufficient to establish the infringement. But the suit is brought under section 4952 of the Revised Statutes, which secured to the complainants the "sole liberty of printing, reprinting, publishing, completing, and copying," etc., these engravings. The object of this law is to protect the results of the creative genius of the composer or designer. The appropriation of part of a work is no less an infringement than the appropriation of the whole, provided "the alleged infringing part contains any substantial repetitions of any material parts which are original and distinctive." Here the defendants had the whole picture copied, except the plate mark and title. They omitted the mere work of the artisan; they appropriated the genius of the artist. The question is not whether a copy is marketable, but whether it is piratical. Bump, Pat. pp. 499, 500; Drury v. Ewing, 1 Bond, 540; Richardson v. Miller, 12 O. G. 3. There is no equity in this claim of the defendants. The copyright has been infringed.

The allegation of the defendants that they had no intention to infringe the copyright is no defense in this case. Where the infringement is otherwise established, the intention is immaterial. Reed v. Holliday, 19 Fed. Rep. 325.

The defendants further claim that they are not liable for infringement, because the photogravure company was not their agent, but was an independent contractor, and agreed to take the risk of infringement. The evidence shows that the defendants bought the pictures from the complainants, furnished them to the photogravure company, ordered the copies made, and gave general directions as to how the work should be done. The defendants procured the infringing act to be done. They are therefore liable as joint tort feasors. Estes v. Worthington, 30 Fed. Rep. 465; Rob. Pat. § 910. The case of Harper v. Shoppell, 26 Fed. Rep. 519, cited by defendants,

is, so far as it applies to this case, an authority in support of complainants' claim. There Judge Wallace says:

"The plaintiffs might have copyrighted the cut as an independent subject of copyright. If they had done this, a reproduction of the copyrighted thing would have been piracy, however innocent the defendants might have been of intentional wrong."

Furthermore, as the defendants authorized the infringing act, knowing that there was danger on account of the copyright act, and on condition that the photogravure company was to take the risk, they may properly be considered to have intended the result of such act. The act of infringement having been committed in this country, the subsequent acts abroad are immaterial, except upon the question of damages. Ketchum Harvester Co. v. Johnson Harvester Co., 8 Fed. Rep. 586; Goucher v. Clayton, 11 Jur. (N. S.) 462. The infringement having been established, the appropriate relief, in a court of equity is by an injunction and account of profits. Gilmore v. Anderson, 38 Fed. Rep. 848. And "the court will grant an injunction without proof of actual damage." Reed v. Holliday, 19 Fed. Rep. 327. "The right to an account of profits is incident to the right to an injunction in copyright cases." Stevens v. Gladding, 17 How. 447. It appears that the defendants may have derived advantages or profits from having the infringing act done in this country. This question can only be determined by proceedings before a master.

Let there be a decree for an injunction and an accounting.