## FALK v. HEFFRON et al.

(Circuit Court, E. D. New York. May 17, 1893.)

COPYRIGHT—VIOLATION—FORFEITURE—SHEETS OF COPIES.

Under Rev. St. § 4965, which provides that any one who shall violate the copyright of a photograph inter alia by making copies thereof without the owner's consent shall forfeit "one dollar for every sheet of the same found in his possession," etc., the amount of the forfeiture is determined solely by the number of sheets, without regard to the number of the copies of the photograph that may be printed on each sheet.

At Law. Action by Benjamin J. Falk against Thomas H. Heffron and others to recover a penalty for the violation of a copyright belonging to the plaintiff. There was a verdict for plaintiff, and he moves for a new trial. Motion overruled, and judgment on the verdict.

Isaac N. Falk, (P. Wilcox, of counsel,) for plaintiff.
Allen Lee Smidt, (Frank H. Angell, of counsel,) for defendants.

WHEELER, District Judge. The plaintiff has a copyright of a photograph of Lillian Russell. The defendants printed 2,400 lithographic copies of it, 21 or 22 on each of 115 or 116 sheets. This suit is brought to recover "one dollar for every sheet of the same found in his possession, either printing, printed, copied, published, imported, or exposed for sale." Rev. St. U. S. § 4965. The evidence showed that the defendants sent these copies on an order for that number, but not whether they were in whole sheets, or cut up, when sent. The number of sheets was left to the jury, and was found at 115, with a verdict for the plaintiff for $115. He has moved for a new trial, because the jury were not charged to find 51 for each copy, without regard to the number of sheets on which they were printed.

The original act of May 31, 1790, provided for copyrights of maps, charts, and books; prohibited printing, publishing, or importing copies; forfeited "all and every copy or copies of such map, chart, book, or books, and all and every sheet and sheets being part of the same, or either of them, to the author or proprietor;" and further provided that every offender and offenders should "forfeit and pay the sum of fifty cents for every sheet" which should "be found in his or their possession, either printed or printing, published, imported, or exposed to sale." 1 Stat. 124. Under this statute the unit of forfeiture as to either a book, map, or chart would be a sheet; one ordinary definition of which is "a broad piece of paper." In the printer's art it is what is used for one impression, and is distinguished by a signature for the binder. In a suit for this money forfeiture the question would always be, whether with reference to a book, map, or chart, what number of these sheets was found in the possession of the defendant who had printed, published, or imported them. The statute was penal, and could not be extended by construction beyond its plain terms, which gave the penalty only once for each such sheet, whatever might be printed upon it. Backus v. Gold, 7 How. 798. If more than one copy of a page

of a book, or of a map or a chart, should be printed on a sheet, still only one penalty would be incurred, for the statute did not give a penalty at all for a copy of anything, but only a penalty for a sheet on which some, more or less, of what had been copyrighted was printed. The 50 cents have been increased to $1, and with this addition these provisions have been continued ever since as to maps and charts. Photographs were added to the subjects of them in 1865; and the whole have been brought into this section 4965, (13 Stat. 540.) The same number of forfeitures would be incurred now by printing copies of maps and charts and having sheets of copies found in possession as would have been under the original act; and the same number would be incurred as to photographs as would be as to maps or charts by the same number of sheets of copies. Taylor v. Gilman, 23 Blatchf. 325, 24 Fed. Rep. 632. Cutting up the sheets would not increase their number, any more than binding the sheets of a book and cutting them into leaves would. Backus v. Gold, 7 How. 798. Therefore, if the sheets had been found divided into 2,400 lithographs, the whole might not be only 115 or 116 sheets. Whether the number was 115 or 116 was in doubt, and upon the evidence the jury were well warranted in finding only 115. The verdict appears to be right.

Motion overruled. Judgment on verdict.