## WHEELER v. COBBEY.

(Circuit Court, D. Nebraska. November 6, 1895.)

FORFEITURE—COPYRIGHT LAWS—LIMITATIONS.

    Rev. St. § 4964, provides that every person who prints or sells a copyrighted book without the consent of the proprietor of the copyright shall forfeit every copy of the book, and "shall forfeit and pay such damages as may be recovered in a civil action by such proprietor." Section 4968 provides that no action shall be maintained in any case of forfeiture or penalty under the copyright laws unless begun within two years. *Held,* that the damages recoverable in a civil action based upon section 4964 are a forfeiture, within the meaning of section 4968, and such an action is barred if brought more than two years after the cause of action arose.

This was an action by Hiland H. Wheeler against Joseph E. Cobbey for damages for infringement of a copyright. The defendant demurred to the petition. Sustained.

Burr & Burr, for plaintiff.

G. M. Johnston and N. K. Griggs, for defendant.

SHIRAS, District Judge. The petition in this case is based upon section 4964 of the Revised Statutes, and the remedy sought is damages for the alleged violation of a copyright which the plaintiff claims to own in certain editions of a compilation and annotation of the Public Statutes of Nebraska. Upon the face of the petition it appears that the acts of printing, publishing, and selling another edition of the public laws of Nebraska on part of the defendant, and which are relied upon as evidence of the violation of the copyright owned by plaintiff, were all done more than two years before the present action at law for damages was begun, and the question presented by the demurrer is whether the lapse of two years bars the action. In support of the demurrer it is said that section 4968 of the Revised Statutes expressly provides that "no action shall be maintained in any case of forfeiture or penalty under the copyright laws, unless the same is commenced within two years after the cause of action has arisen," and that all actions for damages based upon section 4964 must be deemed to be in nature of a forfeiture, within the meaning of section 4968. As amended by the act of March 3, 1891, section 4964 reads as follows:

"Every person, who after the recording of the title of any book and the depositing of two copies of such book, as provided by this act, shall contrary to the provisions of this act, within the time limited and without the consent of the proprietor of the copyright first obtained in writing, signed in the presence of two or more witnesses, print, publish, dramatize, translate, or import, or knowing the same to be so printed, published, dramatized,

translated or imported, shall sell or expose to sale any copy of such book, shall forfeit every copy thereof to such proprietor, and shall also forfeit and pay such damages as may be recovered in a civil action by such proprietor in any court of competent jurisdiction."

Both the sections cited form part of chapter 3, tit. 60, of the Revised Statutes, which deals with the subject of copyrights.

The petition avers that both plaintiff and defendant are citizens of the state of Nebraska, and this court could not take jurisdiction of the case except upon the theory that the action arises under the laws of the United States, or, in other words, upon the theory that the plaintiff is seeking to enforce the rights and remedies created or recognized by section 4964. It cannot be questioned that any penalty or any forfeiture arising under the provisions of the copyright laws must be sued for within two years after the cause of action therefor has arisen, for that is the express declaration of section 4968. Therefore the question is narrowed down to the inquiry whether the damages that are recoverable in a civil action for the violation of the provisions of section 4964 are by that section declared to be a forfeiture, within the meaning of section 4968. On part of the plaintiff it is contended that the damages provided for in section 4964 are not in the nature of either a penalty or a forfeit, and therefore the only limitation applicable thereto is the statute of Nebraska, which provides four years as the limit to an action for damages. On behalf of the defendant, as already stated, the contention is that the entire remedy given in that section is in terms declared to be that of forfeiture, and hence the two-years limitation is applicable thereto. As already stated, it must be held that this action is based solely upon the provisions of section 4964, and the plaintiff is seeking to recover against the defendant by reason of the provisions contained in this section, which expressly declares that every person who in violation of the provisions of the act "shall print, publish, sell," etc., "any copy of a book protected by a copyright, shall forfeit every copy thereof to such proprietor, and shall also forfeit and pay such damages as may be recovered in a civil action by such proprietor in any court of competent jurisdiction." Is it not clear that, if the plaintiff should now seek to forfeit the books printed by the defendant more than two years ago, such proceeding would be barred by the provisions of section 4968? Suppose the plaintiff had brought an action wherein he would show by his pleadings and proofs that he was the owner of a properly copyrighted book; that the defendant, in violation of the provisions of section 4964, but more than two years before the action was brought, had printed 1,000 copies of the copyrighted work, and had sold 500 thereof, retaining the remainder, all the sales being made more than two years before the bringing of the action. Certainly in such case the plaintiff would not be entitled to a forfeiture of the books remaining unsold, and why should he be entitled to the forfeiture of the damages on the portion that were sold? If the two-years limitation would bar all remedy as to the books remaining unsold, why should it not equally bar all remedy as to the books that had been sold? The argument is made that damages to be recovered by the party injured cannot be deemed to be

forfeited, and therefore cannot come within the language of section 4968. If the statute, however, declares that damages recoverable by the party injured are to be deemed a forfeit, within the meaning of that word as used in the chapter on the subject of copyrights, that settles the question. Under the provisions of section 4964, books remaining in the hands of the defendant, in case of a violation of the section, are to be forfeited to the party injured, and it is admitted that the period of two years is applicable to this remedy; and is it not clear that it is the intent of the succeeding clause of the sentence to include within the forfeiture which the section declares shall be the punishment for a violation of its provisions the damages that may be recovered in a civil action against the wrongdoer? This construction gives force and meaning to all the words used in the sentence. It reads that the wrongdoer "shall forfeit every copy thereof to such proprietor and shall also forfeit and pay such damages," etc. According to the contention of the plaintiff the sentence should be construed as though it read, "shall forfeit every copy thereof to such proprietor, and shall also be liable for such damages as may be recovered," etc. If this is the correct construction of the sentence, the words "and shall also forfeit" are eliminated therefrom. It seems to me that this cannot be done, but on the contrary that it must be held that the words were put in the sentence for a purpose, and that was to carry out the idea that the punishment provided for by the section, against the wrongdoer, which provides that, as to books not sold, they should become the property of the injured party, and, as to books sold, that damages should be recovered, should be deemed to be in the nature of a forfeiture, and thus bring the whole punishment within the limitation provided in section 4968. Under the provisions of section 4964 it is declared that one who violates the provisions of the section by printing a book protected by a copyright held by another shall be punished by a forfeiture of the books remaining unsold, and by a forfeiture of the damages shown to have been caused to the owner of the copyright. In other words, the wrongdoer is compelled to deliver up all the books in his possession, and to pay the damages assessed against him, as a forfeit to the injured party. That is the punishment provided in the statute, and I do not see why it should be said that the punishment thus provided for should be split into parts, so far as the question of limitation is concerned, and especially if, to do so, it is necessary to eliminate from the section the words "and shall also forfeit." Counsel have not cited any decided cases upon the point, saying that none are to be found and I therefore content myself with this statement of the view I take of the question as a matter of first impression, and I do so the more readily as I understand it is proposed to submit the matter at once to the circuit court of appeals. The demurrer to the petition will therefore be sustained upon the sole ground that it appears from the face of the petition that the right to recover damages for the causes set forth in the petition is barred by the lapse of time, under the provisions of section 4968.