MORRISON v. PETTIBONE et al.

(Circuit Court, N. D. Illinois. May 13, 1897.)

1. INFRINGEMENT OF COPYRIGHT—PHOTOGRAPH—FORFEITURE OF SHEETS, ETC.—REPLEVIN.

Replevin is a proper remedy to enforce a forfeiture, under Rev. St. § 4965, of infringing plates and sheets found in the possession of defendant.

2. SAME.

Sheets seized in defendant's possession, after the first or outline impression only of the photograph had been taken, are not forfeitable, under Rev. St. § 4965, though it was defendant's intention to complete the copies. The copies must be so far perfected as to constitute an imitation of a substantial part, and so far perfected as to establish identity.

This was an action in replevin by William M. Morrison against P. F. Pettibone & Co. to recover certain sheets and plates alleged to be infringements of plaintiff's copyright of a photograph, under section 4965, Rev. St. The case was heard on motion to set aside verdict rendered in favor of the plaintiff.

Felsenthal & D'Ancona, for plaintiff.

Osborne Bros., for defendants.

SEAMAN, District Judge. On the pleadings and matters conceded at the trial, it appeared to me that two questions only were presented in this case, both involving the construction to be placed upon the statute: (1) Whether replevin is the proper remedy to enforce the forfeiture of infringing plates and sheets found in the possession of the defendants, as declared by section 4965 relating to copyrights; and (2) whether sheets containing the first or outline impression only, and not completed as a copy, were within the provision that "he shall forfeit to the proprietor all the plates on which the same shall be copied and every sheet thereof either copied or printed." 26 Stat. 1109; 28 Stat. 965.

At the trial no precedent was called to my attention for or against either of the above propositions, aside from the statement in a text-book that replevin or trover was the proper remedy; for which, according to my recollection, English cases were cited. Upon first impressions, that the sheets in controversy were within the terms of the statute, which forfeits copies of the production "either in whole or in part," notwithstanding the fact that the work was only partially completed, it seemed to me advisable to direct a verdict in favor of the plaintiff, the facts being undisputed. On this motion for a new trial counsel for the defendants urges other objections as well, but, as I am of opinion that the answer to at least one of the questions above stated must be fatal to the direction of verdict, the further suggestions of counsel have not been considered.

1. I was inclined to the view at the outset of this inquiry that the action could not be maintained within the doctrine applicable to replevin, for the reason that the sole foundation was a statutory forfeiture. Section 4965 distinctly provides that the offender "shall forfeit to the proprietor all the plates" and sheets constituting the infringement, and it would seem to require direct adjudication of forfeiture before the property right is perfected, under the general rule respecting forfeitures, that they do not operate ipso facto to vest property in the beneficiary. Bac. Abr. "Forfeiture," D; Fire Department v. Kip, 10 Wend. 266. And the intimation that the statute intends a "remedy by condemnation and forfeiture" clearly appears in the opinion of Judge Wallace, speaking for the circuit court of appeals for the Second circuit, in Bolles v. Outing Co., 23 C. C. A. 594, 77 Fed. 966, 968. It is questionable, however, whether the peculiar language of the English act (referred to in Stevens v. Gladding, 17 How. 447, and Stevens v. Cady, 2 Curt. 200, Fed. Cas. No. 13,395) furnishes ground for any distinction of its provisions in this regard from the effect of the congressional enactment. On the other hand, it is expressly stated in Stevens v. Cady, supra, in reference to the statute in question, that "the proprietor of the copyright is left by the act to his remedies at law, by trover or replevin," and, as the opinion is by Mr. Justice Curtis, it is entitled to great weight. Remark is made in Thornton v. Schreiber, 124 U. S. 612, 620, 8 Sup. Ct. 618, which may intend the same view, although stated arguendo, and so qualified that it may not be applicable. Therefore I conclude, for the purposes of this motion, at least, that any doubt as to the proper remedy may well be resolved in favor of this form of action, and that such ruling

may be based upon the hypothesis that the term "forfeit," as used in the statute, is not to be taken in its strict ordinary sense; that the act of congress, clearly intending to give to the proprietor an exclusive right of property in that which has been produced by his mind and skill, confers as well an ownership in all copies which are made by infringers; that through the act of piracy the title to the imitation vests in the proprietor of the copyright, in that sense only being forfeited; and, so regarded, replevin would lie to obtain possession.

2. The claim, however, that the bare outline printed upon the sheets in evidence constitutes a copy, within the purview of the statute, is, in my opinion, untenable. It is well settled that the provisions of this statute must be strictly construed. Backus v. Gould, 7 How. 798; Falk v. Heffron, 56 Fed. 299; Sarony v. Ehrich, 28 Fed. 79. The reference therein to copies, "either in whole or in part," is intended to reach every imitation which preserves the substance of the copyrighted production, or any vital and severable portion, although variations are made in design or detail; in other words, to prevent evasion by colorable deviation. Lithographing Co. v. Falk, 20 U. S. App. 296, 8 C. C. A. 224, and 59 Fed. 707; Richardson v. Miller, Fed. Cas. No. 11,791; Falk v. Howell Co., 37 Fed. 202; Drury v. Ewing, 1 Bond, 540, Fed. Cas. No. 4,095; Fishel v. Lueckel, 53 Fed. 499. To infringe the copyright, "a substantial copy of the whole or of a material part must be produced." Perris v. Hixamer, 99 U. S. 674, 676. It is probably true, as remarked in Fishel v. Lueckel, supra, that substantial imitation, and not marketable value or quality, is the test of infringement; but the imitation must be of a substantial part, must have essence, and be so far perfected as to establish the identity. In other words, infringement, for the purposes of forfeiture, must be an accomplished fact,—must appear from the face of the production, and not be inferred from what was intended if it has been completed. Drury v. Ewing, supra; Fishel v. Lueckel, supra; Falk v. Donaldson, 57 Fed. 32. The authorities are clear that the question of knowledge or intent does not enter into consideration upon the issue of infringement, and, as the absence of these elements will not save from forfeiture in case of actual piracy, so the fact that infringement was manifestly intended at any incomplete stage, but was not carried out, cannot operate to turn the mere embryo into a copy subject to forfeiture. In this case the sheets were seized in the defendant's possession when the first impression only had been taken, presenting merely the initial color and exterior lines of the intended lithograph, without the features or any substantial embodiment of the copyrighted photograph. Several plates or stones were required to make the copy, being in actual readiness for the purpose, but one only had been used, making this outline color. I am satisfied that no copy was produced, within the meaning of the statute. These preparations would have been sufficient, probably, for equitable relief, but establish no case for forfeiture of the incomplete sheets, for which recovery was directed. Therefore the verdict must be set aside, and the motion for a new trial is granted. So ordered.