## FALK v. CURTIS PUB. CO.

### (Circuit Court, E. D. Pennsylvania. February 28, 1900.)

1. COPYRIGHT—SUIT TO RECOVER PENALTY FOR INFRINGEMENT—JURISDICTION OF CIRCUIT COURT.

Under Rev. St. § 629, which vests in the circuit courts original jurisdiction of "all suits at law or in equity arising under the patent or copyright laws of the United States," such courts have jurisdiction of suits brought under section 4965 to recover the penalty thereby imposed of one dollar for each infringing copy of a copyrighted engraving, photograph, etc., found in the possession of the defendant, as such suit involves both the validity and infringement of the copyright on which it is founded, although the general jurisdiction over actions for penalties and forfeitures is vested in the district courts.

2. SAME—PLEADING—SUFFICIENCY OF DECLARATION.

In a suit against a corporation, brought under Rev. St. § 4965, to recover the penalty thereby imposed for infringing a copyrighted photograph, an allegation that a certain number of the infringing copies were found in the possession of the defendant corporation prior to the institution of the suit is sufficient, and it is not necessary to state what officer or agent had them in his custody, or the authority under which he was acting, which are matters of evidence.

3. SAME.

Where a statement of claim in a suit under Rev. St. § 4965, to recover a forfeiture for infringement of a copyrighted photograph, properly alleges the copying, printing, publishing, and exposing for sale of the infringing copies by defendant, either of which constitutes the infringement under the statute, it need not allege that defendant was actually engaged in any of such acts at the time copies of the infringing publication were found in his possession.

4. SAME.

An allegation in such statement that the infringing copies were made within two years next before the commencement of the suit, and were found in defendant's possession prior to the time it was brought, is sufficiently specific as to the time when they were so found.

5. SAME.

It need not be alleged in such statement that the copies were found in defendant's possession by the plaintiff, or some one acting in his behalf; such fact not being made essential to recovery by the statute.

This is an action to recover a forfeiture for the alleged infringement of a copyrighted photograph. On demurrer to amended statement of claim.

Samuel M. Hyneman, for plaintiff.

J. Martin Rommel and Hector T. Fenton, for defendant.

DALLAS, Circuit Judge. The demurrer to the plaintiff's original statement did not challenge the jurisdiction of this court. Upon the argument of that demurrer it was incidentally denied; but, as the learned counsel of the defendant then stated that he purposed to raise the question more formally thereafter, it was not fully discussed, and its consideration was deferred. 98 Fed. 989. The case has since been heard upon a demurrer to the amended statement, by which it is, among other things, averred that "the pleading does not recite any cause of action or subject-matter cognizable by this court, or of which it is authorized by law to take jurisdiction"; and the question of jurisdiction, being thus distinctly presented, must now, of course, be immediately determined, inasmuch as the plaintiff still insists upon proceeding in this court, instead of in the district court, although the authority of the latter tribunal to take cognizance of such an action is in defendant's brief assumed to be unquestionable.

The suit is brought, under section 4965 of the Revised Statutes, to recover the penalty, thereby imposed, of one dollar for every sheet of an infringing copy of a certain copyrighted photograph found, as alleged, in the possession of the defendant. The asserted right to sue in this court is rested upon section 629 of the Revised Statutes, which vests in the circuit courts original jurisdiction "of all suits at law or in equity arising under the patent or copyright laws of the United States." It must be conceded that "the general jurisdiction over actions for penalties and forfeitures has been and is vested in the district court," and the question now is whether the circuit court has, under section 629, jurisdiction of suits brought for the particular penalty sought to be recovered in this action. Lees v. U. S., 150 U. S. 476, 14 Sup. Ct. 163, 37 L. Ed. 1150.

What was the intent of congress in giving the circuit courts jurisdiction of "all suits * * * arising under the patent or copyright laws"? The use of such broadly inclusive language precludes, I think, the implication of an intention to except from the jurisdiction conferred any suit, provided it be one arising under the patent or copyright laws; and, in my opinion, this suit is such a one. The meaning of the terms of the statute is plain. They do not stand in need of interpretation. The only difficulty is in identifying the subject-matter to which they refer; and, if section 4965 can be identified as one of the "copyright laws of the United States," no difficulty will remain. That section is comprised in title 60 of the Revised Statutes, which relates exclusively to "patents, trade-marks, and copyrights," and is included in chapter 3 of that title, which contains the provisions especially applicable to "copyrights"; and it seems to be reasonable, if, indeed, not necessary, to conclude that congress, in speaking, as in section 629, of "the patent or copyright laws of the United States," must have had in mind the laws which, in the same revision, were so classified and discriminated. Moreover, by an almost immediately following section (4968) it is quite clearly indicated that a case may be one of forfeiture or penalty, and yet be a suit under the copyright laws; for the limitation which that section prescribes is that "no action shall be maintained in any case of forfeiture or penalty under the copyright laws, unless," etc.

In Brady v. Daly, 20 Sup. Ct. 64, Adv. S. U. S. 64, 44 L. Ed. ——, it was held that the section upon which the action in that case was founded was not a penal one, and therefore the question with which I am now dealing was left undecided.   Holt v. Manufacturing Co., 20 Sup. Ct. 272, Adv. S. U. S. 272, 44 L. Ed. ——, was a suit to enjoin the collection of certain taxes, and complaint was made that the assessment of these taxes was illegal, because, in effect, levied on patents or patent rights.   But this, it was held, "did not involve the construction or the validity or the infringement of the patents referred to, or any other question under the patent laws"; and for this reason it was decided that the suit was not one arising under those laws. This decision, though not directly in point, is, I think, instructively suggestive; for the language quoted manifestly implies that any case which does involve the validity or the infringement of a patent or of a copyright is to be regarded as arising under the patent or copyright laws, and that the present case involves both the validity and the infringement of the copyright upon which it is founded is, I think, indubitable, and is not likely to be disputed.   The existence of a valid copyright, and its infringement, are facts which are essential to the plaintiff's case, and which the defendant is at liberty to controvert, as, indeed, it has already done by its first demurrer.

In the absence of any direct and controlling authority upon the subject, some weight might be accorded to mere precedent.   But no uniform practice has been established.   Cases like this have been instituted in the district courts, but the greater number have been brought in the circuit courts, and in none of them has the jurisdiction of either tribunal been questioned, except in the two instances which I have mentioned, and in Taft v. Engraving Co., to which I will presently refer; and if any deduction can be drawn from this apparently conceded diversity of choice, it would seem to be that the bar and the judges have not doubted that the jurisdiction of these courts is, in such cases, concurrent.   It has been exercised by the circuit court in Lithographic Co. v. Sarony, 111 U. S. 53, 4 Sup. Ct. 279, 28 L. Ed. 349; Falk v. Heffron (C. C.) 56 Fed. 299; Lithographing Co. v. Falk, 20 U. S. App. 296, 8 C. C. A. 224, 59 Fed. 707; Wheeler v. Cobbey (C. C.) 70 Fed. 487; Bolles v. Outing Co., 45 U. S. App. 449, 23 C. C. A. 594, 77 Fed. 966; Morrison v. Pettibone (C. C.) 87 Fed. 330; Johnston v. Klopsch (C. C.) 88 Fed. 692; Howell v. Miller, 33 C. C. A. 407, 91 Fed. 129.

Taft v. Engraving Co. (C. C.) 37 Fed. 726, was a qui tam action, brought to recover the penalty imposed by section 4963 of the Revised Statutes upon every person inserting or impressing notice of copyright upon any article for which a copyright had not been obtained. The jurisdiction of the court was denied, but was sustained.   The learned judge who delivered the opinion of the circuit court in that case said that he would have been disposed to hold that the suits referred to in section 629, cl. 9, were ordinary civil suits, at law or in equity, to recover damages for, or to restrain, infringements of patents or copyrights, and that that clause does not confer jurisdiction upon the circuit courts over suits of a penal character.   While I do not partake of this disposition of the learned judge, I entirely concur in the conclusion which he reached, and which I think he sufficiently

based upon the several statutory provisions which were referred to and considered by him.

By the judiciary act of 1789 (section 9) it was provided "that the district courts shall have exclusive original cognizance of all suits for penalties and forfeitures incurred under the laws of the United States." But at the time this act was passed no copyright statute was in existence. The first copyright law (1790; 1 Stat. 125, § 2), imposed a penalty of "fifty cents a sheet * * * to be recovered by action of debt in any court of record in the United States wherein the same is cognizable"; and the statutes of 1802 (2 Stat. 171, § 4) and of 1831 (4 Stat. 436, § 7) contained the same provision. In 1867 (14 Stat. 395) a fine for failure to deposit copies of any copyrighted book was made collectible "in any district or circuit court of the United States"; and when, in 1870, the copyright law was subjected to general revision, it was provided that "all actions, suits, controversies and cases arising under the copyright laws of the United States shall be originally cognizable as well in equity as at law, whether civil or penal in their nature, by the circuit court or any district court having the jurisdiction of a circuit court." Hence it appears that, when the present Revised Statutes were prepared and enacted, the jurisdiction of the circuit courts over all actions under the copyright laws, whether civil or penal, was unquestionable; and nothing appears which would justify the assumption of an intent to change the law in this respect. The jurisdiction of the district courts (Rev. St. § 563, cl. 3) "of all suits for penalties or forfeitures incurred under any law of the United States" had already ceased to be "exclusive," and hence that word, as it had been used in the act of 1789, was omitted from clause 3 of section 563 of the revision; and in section 629, cl. 9, which was placed in the chapter relating to the circuit courts, the jurisdiction of those courts in "all suits at law or in equity arising under the patent or copyright laws" was simply retained.

The decision in U. S. v. Mooney, 116 U. S. 104, 6 Sup. Ct. 304, 29 L. Ed. 550, is not in conflict with this view, for the jurisdiction given to the circuit courts by section 629 has never been restricted by construction; and its manifest purpose was, I think, to continue in those courts precisely the same jurisdiction as, after the act of 1870, they had always had.

The other grounds of demurrer will be considered in the order in which they have been presented.

1. The amended statement alleges, in accordance with the statute, that the copies were found in the possession of the defendant corporation. It is not necessary that it should also state which of its officers or agents had the actual custody of them, or that he was acting therein within the scope of his authority as such officer or agent. The most that can be said of such facts is that "they call into being the evidence" which renders it possible that such copies could have been found in possession of the defendant itself; for it is its possession, not theirs, which creates the cause of action. The material facts, therefore, are, in their legal effect, sufficiently alleged, and the law does not require the evidence to be pleaded, even in a penal action. Wilkins v. U. S., 37 C. C. A. 588, 96 Fed. 837.

2. The second cause assigned for demurrer is not well founded.

The statement, as amended, does allege that the defendant did copy, print, and publish copies of the copyrighted photograph, and, knowing the same to be so worked, copied, printed, and published, did expose for sale and circulate great numbers of such copies, and that there were upward of 5,000 sheets thereof "so copied and printed and found in the possession of the defendant"; and I cannot agree that it should have been further alleged that, at the time when the copies were found in the defendant's possession, it was actually engaged in the act of printing or publishing them, or exposing them for sale. It is, of course, true that this section (4965), being penal, ought, if ambiguous, to be construed with such strictness as to carefully safeguard the rights of the defendant. But it is not ambiguous. The meaning of its language is too plain to admit of cavil or doubt as to its effect. Its terms, so far as material to this point, are:

"If any person, after the recording of the title of any * * * photograph, shall, within the term limited, and without the consent of the proprietor of the copyright, * · * * engrave, etch, work, copy, print, publish; or import, * * * or, knowing the same to be printed, published, or imported, shall sell or expose to sale any copy of such * * * article, as aforesaid, he shall forfeit to the proprietor all the plates on which the same shall be copied, and every sheet thereof, either copied or printed, and shall further forfeit one dollar for every sheet of the same found in his possession, either printing, printed, copied, published, imported, or exposed for sale."

It will be observed that, at the outset, several acts are enumerated, the commission of either of which is made a cause of forfeiture. This is the clearly-expressed design of the first part of the section. There the causes of forfeiture are fully and finally stated, and the remainder of the section is directed solely to designating what shall be forfeited. It prescribes that "every sheet thereof," without qualification or exception, must, because of the commission of any of the previously enumerated infringing acts, be yielded up by the infringer, and that, for the same reason, he "shall further forfeit one dollar for every sheet of the same found in his possession." Consequently, a declaration which, as in this instance, alleges infringement in the words of the statute, and then further alleges that there were upward of 5,000 sheets thereof so copied and printed, and found in the possession of the defendant, cannot be held to be defective because it does not also allege "that, at the time they were so found, they were then being printed or published or exposed for sale by the defendant"; for the law has not made such additional fact essential or material.

3. The amended statement alleges that the copies in question were made within two years next before the commencement of this action, and were found in the possession of the defendant prior to the bringing thereof; and, in my opinion, no more "specific averment as to the time when they were so found" is requisite.

4 and 5. With respect to the fourth and fifth grounds of demurrer, the learned counsel for the plaintiff insists that the statement, as it stands, sufficiently alleges "that such infringing copies were so found in the possession of the defendant within the United States," and that it is not necessary that there should be any allegation that they were so found "within the territorial jurisdictional limit of this court." Unless the exigency of the plaintiff's case requires it, the court ought

100 F.—6

not to be called upon to determine either of these questions. As to the first of them, the plaintiff's argument discloses that there can be no reason why he should not make the allegation referred to so explicitly as to leave no possible doubt of its meaning. As to the second, the impression has been made upon my mind that the plaintiff expects to show by evidence that the copies upon which he claims were found within the territorial jurisdictional limit of this court; and, if this impression be correct, there can be no objection to his making his allegation specifically accord with his proposed proof. Upon both points, therefore, the plaintiff will have leave to further amend his statement, and the demurrer, so far as it is based upon these points, will be overruled without prejudice, to the end that, if the plaintiff shall not amend as here suggested, the defendant may, upon the trial, again raise the same questions. Upon neither side has any authority been cited, and, if it shall hereafter become necessary to consider the matter, I will be glad to be referred to any decided cases which the respective counsel may deem pertinent.

6. The sixth cause of demurrer assigned could not be sustained without writing into the statute language which it does not contain. I have heretofore held that the forfeiture is limited, as to the number of copies, to such as have been found in the possession of defendant; but there is nothing in the act to support the position that they must have been so found "by the plaintiff or some one acting on his behalf in the premises."

The defendant's demurrer to the amended statement is overruled, but, as respects the fourth and fifth causes assigned, without prejudice, and with leave to the defendant to raise the same questions upon the trial.