SPRINGER LITHOGRAPHING CO. v. FALK.

(Circuit Court of Appeals, Second Circuit. February 9, 1894.)

No. 53.

1. COPYRIGHTED PHOTOGRAPHS—INFRINGEMENT—EVIDENCE—RELEVANCY.
  It is immaterial from what source an alleged infringer may have obtained suggestions for making variations in a copyrighted photograph, and hence another photograph, offered in evidence for the purpose of showing that a certain feature was taken from it, is irrelevant.

2. SAME—ACTION FOR STATUTORY PENALTY—EVIDENCE OF DAMAGE.

In an action to recover the statutory penalty of one dollar for every infringing copy of a photograph, it is immaterial whether plaintiff has suffered any actual damage, and hence evidence of the effect on his sales of the infringer's acts should be excluded.

3. SAME—INFRINGEMENT—VARIATIONS—INSTRUCTIONS.

An instruction which makes the test of infringement the taking of the "substantial ideas—the distinctive characteristics"—of the original, regardless of intentional variations in minor particulars, is all that defendant is entitled to, and he cannot complain of a refusal to charge that the original and copy must be "substantially identical."

4. APPEAL—REVIEW—QUESTIONS NOT RAISED BELOW.

An assignment of error will not be considered when the exceptions were insufficient to call the question to the attention of the trial court.

In Error to the Circuit Court of the United States for the Southern District of New York.

At Law. Action by Benjamin F. Falk against the Springer Lithographing Company for penalties for infringement of copyright. Verdict and judgment for plaintiff. Defendant brings error. Affirmed.

This action was brought to recover the penalty imposed by section 4965, Rev. St. U. S. It was commenced by seizure of 3,000 lithographs found by the marshal in the possession of the plaintiff in error, which, it was claimed, were infringements of a copyrighted photograph of Lillian Russell, made by defendant in error. The plaintiff in error, in its answer, denied that the lithographs were copied from the copyrighted photograph of the defendant in error, and denied infringement. This was practically the sole issue in the case, as it was admitted that the 3,000 lithographs taken by the marshal were found in the possession of the plaintiff in error. Upon conflicting evidence and various exhibits the jury found a verdict for defendant in error in the full amount claimed,—$3,000,—and judgment was duly entered thereon. The defendant below brings the case here on a writ of error.

The charge given to the jury below by SHIPMAN, Circuit Judge, was as follows:

The statute of the United States, passed in pursuance of the constitution of the United States, prescribes, in substance, as follows: That any citizen of the United States who shall be the author, inventor, designer, or proprietor of any book, map, etc., print or photograph, or negative thereof, shall, upon complying with the provisions of this chapter, have the sole liberty of printing, reprinting, completing, copying, executing, finishing, and vending the same. Another section provides that if any person, after the prerequisites which had been directed by the statute to be taken for the purpose of perfecting a title in the copyright,—if any person, after those prerequisites had been complied with, shall, within the term limited, and without the consent of the proprietor of the copyright first obtained in writing, and executed with certain formalities, engrave, etch, work, copy, print, publish, or import, either in whole or in part, or by varying the main design with intent to evade the law, or shall sell or expose for sale, he shall forfeit to the proprietor all the plates, and every sheet thereof, and forfeit, in addition, one dollar for each sheet of the same found in his possession.

This is an action upon this statute which I have just, in substance, read to you, imposing a penalty or forfeiture of one dollar per copy for every sheet of copies of a photograph of Lillian Russell found in the possession of the defendant, which it had printed without the consent of the plaintiff, the owner of the copyright of such photograph. The prerequisites necessary to obtaining a copyright were duly taken, and it is substantially proved that the plaintiff is the owner of the copyright. It is not denied that the plaintiff made the original photograph, substantially devised its pose and expression and accessories, and was the designer of the copyrighted photograph. It is not denied that three hundred of the lithographs No. 2, and twenty-seven

hundred of No. 4, were in the possession of the defendants, and were seized by the marshal. The only question really before you is whether these lithographs are copies, or substantial copies, or whether the ideas, pose, and characteristics of the original photograph were substantially reproduced by the defendant. It is not necessary that the copies should be exact or Chinese copies. You will observe that the statute says: "If the infringer shall copy, either in whole or in part, or by varying the main design with intent to evade the law." As I said, it is not necessary that the copies should be exact copies. It is necessary that the infringer should appropriate a substantial portion of the distinctive ideas and characteristic features of the original photograph to make up its lithographs. The general effect of the two lithographs which were exposed before you, it is said, shows that they were a reproduction, with so much of a variance as not to be an exact copy, slightly altered here, and more particularly altered in some other point, but so closely followed as to retain the idea, the plan, the general design, of the original photograph; and the question before you, to state it in different form, is: Has the defendant made such a use of the original photograph as to carry into the new lithographs so much of the distinctive ideas and characteristic features of the original as to reproduce, in substance and effect, the general characteristics of the original, though some minor particulars are intentionally avoided?

Now, gentlemen, before I go more particularly into the testimony, I wish to caution you against permitting any prejudice against this statute, and particularly against this section of the statute, which imposes a forfeiture upon infringers, to enter into your minds so far as to bias your judgment. We are here—I am here, and you are here equally as well as I—to administer the laws of the United States, and to administer them according to their spirit and their letter, and to carry them out so far forth as we can, under the oaths that we have all taken; and it is of no consequence—not the least consequence—whether we personally like or dislike a statute of the United States. We are to administer, gentlemen, the laws of our country.

Now, gentlemen, the history of this transaction is somewhat as follows: The plaintiff made a photograph, which is called in this case "Exhibit No. 1," the card photograph which you have frequently seen here in court, of Lillian Russell. It was by him copyrighted, and subsequently the defendant sent this lithograph, which bears upon its face these words, "Taken from a copyrighted photo by Falk, of New York,"—sent this lithograph, which is, in my judgment, a substantial copy, so far as a lithograph can be a copy, or which was intended to be a reproduction by the lithographic art of the original photograph, not exact,—they sent that in a letter to Mr. Falk, asking him if they might have the privilege of reproducing it. The reply was a substantial negative, unless a license was furnished, presumably for a pecuniary consideration. The letter was correctly construed by the defendant to be a denial of the privilege, without pecuniary compensation, of reproducing the photograph of which the lithograph is an imitation. The lithograph had been enlarged by aid of the magic lantern for the purpose of reproducing it if proper permission had been obtained. That permission was not obtained, and then instructions were given, as Mr. Parker says, to the designer, not to make a copy of that, but to make an ideal picture of some other character. Now, gentlemen, here is the precise difference; here the parties divide in this litigation. The plaintiff says that the defendant, through its employes, or through the gentleman who was one of the witnesses, and is an officer in the company, departed from an exact copy, but retained so much of the substantial and distinctive ideas of the original as to produce, in lieu of an exact copy, a modified form of this photograph, but so far removed from it that it could not be called an exact copy; in other words, intended to avoid infringement, but retain the substantial fruits of infringement. That is the way in which the plaintiff puts his case to you. The defendant says, on the other hand, that it avoided this,—intentionally departed from it,—and presented, finally, an ideal photograph, which did not contain the distinctive features of this photograph; and that is the precise question before you: Did the lithographs Nos. 2 and 4 contain the main design, the substantial ideas, the distinctive characteristics, of the original photograph, only so far varied as to intend to evade the law, without actual evasion? Upon that

question of fact it is for you to exercise your judgment, derived from your inspection of these various articles, and your conclusion derived from the testimony which has been presented before you; and the plaintiff might truthfully say that the testimony of defendant's witnesses is as important in this connection as the testimony of the plaintiff, or as the lithographs themselves. It is in evidence that this lithograph was at hand in the office or shop or apartment where the new designs were being made. It is in evidence that it was used. The defendant would say that it was used for the purpose of avoiding it. The plaintiff would say that it was used for the purpose of copying it in its substantial features, but of avoiding it in its minor details. For instance, Mr. Parker says, in comparing the two: "I made a harder chin; I made the teeth more protruding; I made the eyes soft and dreamy; I made the hair darker, and avoided the form or the peculiarities or the droop of the hair",—or something of that sort. "I carried the hair further over the shoulder." This testimony is somewhat significant to show that, while the artist varied, he did not vary absolutely, and the question is whether he so far varied as to retain the distinctive ideas and characteristic features of the original photograph so as to present in the new lithograph the original ideas in a modified form. If you find for the plaintiff, it will be within your province to determine whether the twenty-seven hundred are reproductions,—that is, whether the lithographs Nos. 4 were substantial reproductions of the photograph, and whether the three hundred of the lithographs No. 2 were substantial reproductions. If you find that they were all substantial reproductions,—that is, if the copyright was infringed by both,—then your verdict will be for the plaintiff for $3,000. If you find that No. 2, only, infringed, then your verdict will be for $300. If you find that No. 4, only, infringed, then your verdict will be for $2,700. If you find that neither of them infringed, then your verdict will be for the defendant.

John W. Boothby, for plaintiff in error.

Benno Lewinson, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

LACOMBE, Circuit Judge. The plaintiff in error has assigned error in 12 particulars, but, as several of them were not argued to this court, and are not referred to on the brief, it may be assumed that they are abandoned, and they need not be discussed.

1. The first assignment of error discussed in the brief is to the admission in evidence of a copyrighted photograph of Miss Pauline Hall. The circumstances under which such photograph was admitted are these: The defendant's lithograph, while presenting in face, pose, and other details resemblances so close to plaintiff's photograph as to satisfy the jury that it had been copied from it, differed from it in the shape and general appearance of the hat. In the photograph of Miss Pauline Hall there was shown a hat identical with that in defendant's lithograph. The defendant's contention was that the lithograph was an original representation of another actress, Mrs. Nelson; the plaintiff insisted that it was not taken from Mrs. Nelson, but was a composite reproduction, in part of Miss Russell's photograph, in part of Miss Hall's. The issue for the jury was whether the defendant had "copied, either in whole or in part, or by varying the main design with intent to evade the law," the copyrighted photograph of Miss Russell which was the subject of the action. To that issue it was immaterial where defendant had obtained suggestions for any variances from the original, and the photograph of Miss Hall was therefore

irrelevant testimony. But its admission was not error calling for a reversal, unless such admission can be fairly assumed to have operated upon the jury's mind in some way to the prejudice of defendant. It shows on its face that it was made by plaintiff, and copyrighted by him; and defendant's counsel contends that "the object of introducing it in evidence was to prejudice the jury by giving them the impression that the parts of the lithograph which it was conceded were not copied from the photograph in suit were stolen from another copyrighted photograph of defendant, which was not in suit." Were there no other evidence touching Miss Hall's photograph than is above set forth, there would be force in this contention. But it further appeared in proof that, before the execution of the lithograph, defendant had expressly asked for and received from plaintiff a license in writing to reproduce three specified photographs of Miss Hall, including the one (No. 14) whose admission in evidence is complained of. It was apparent, therefore, upon the proof, that defendant had not stolen the design for the hat; that it had an undoubted right to reproduce it, either in connection with Miss Hall's face or otherwise; and defendant might, had it chosen to ask for it, have had a charge from the court to that effect. We fail, therefore, to see wherein the admission of Miss Hall's photograph in evidence operated to the prejudice of defendant.

2. Defendant assigns it as error that, on cross-examination of the plaintiff, the court excluded this question: "Q. As a fact, has the production of No. 2 or No. 4 [the lithographs complained of] interfered with you in the sale of this photograph?" This contention is unsound. The action is for a statutory penalty of one dollar for every copy found in defendant's possession. "The damage to the plaintiff is not the test of the defendant's liability, and the penalty is to be paid even if there is no actual damage." Chatterton v. Cave, 3 App. Cas. 489.

3. Upon the photograph of Miss Russell there appears the copyright notice required by the statute, and plaintiff testified that it was affixed to every copy printed and published by him. The evidence of defendant shows that its lithograph was copied from a reversed lithograph, undoubtedly a copy of the original, but bearing, as defendant claims, no proper copyright notice, the only mark on it being, "Taken from a copyrighted photo by Falk, of New York." This reversed lithograph was not printed or published by the plaintiff, but by a person to whom he had given a license to reproduce the photograph. Defendant contends that, as to a lithograph made and published with plaintiff's consent and license, but without the proper copyright notice upon it, he stood in exactly the same position as though he had made and published it himself, and was barred from claiming a penalty from any one copying it.

To this assignment of error it is sufficient to say that the point was not raised in the court below. The exceptions on which defendant relies were to the court's refusal to direct a verdict for the defendant, on the ground that it never was in possession of

the original photograph, and to the refusal to instruct the jury that "even if the jury found defendant's lithographs were copied from the lithographic copy, or varied copy, of the photograph, no infringement has been made out." In view of the fact that the case was mainly tried on the question whether or not there was a substantial similarity, and that the exception last quoted, by its very phraseology, referred to the question of infringement, rather than to plaintiff's forfeiture of a right to recover for that infringement, there was a failure to apprise the trial judge of the point now raised.

4. It is further assigned as error that the court refused to charge, as requested by defendant: "To be an infringement of plaintiff's photographs, the defendant's lithograph must be substantially a copy of it,—that is, that the two are substantially identical." The court charged the jury that the only question before them was "whether these lithographs are copies or substantial copies, or whether the ideas, pose, and characteristics of the original photograph were substantially reproduced by the defendant. It is not necessary that the copies should be Chinese copies. You will observe that the statute says: 'If the infringer shall copy, either in whole or in part, or by varying the main design with intent to evade the law.' As I said, it is not necessary that the copies should be exact copies. It is necessary that the infringer should appropriate a substantial portion of the distinctive ideas and characteristic features of the original photograph to make up its lithographs. * * * Did the lithographs contain the main design, the substantial ideas, the distinctive characteristics of the original photograph, only so far varied as to intend to evade the law without actual evasion? * * * If defendants have reproduced, in substance and effect, the general characteristics of the original, though some minor particulars are intentionally avoided, then there is an infringement."

This was all the defendant was entitled to, and the exception to a refusal to charge as requested is unsound.

Judgment affirmed, with costs.