CENTRAL UNION DEPOT & RY. CO. v. MANSFIELD.

(Circuit Court of Appeals, Sixth Circuit. April 19, 1909.)

No. 1,877.

1. RAILROADS (§ 282*) — OPERATION — INJURIES TO LICENSEES—ACTIONS—QUESTIONS FOR JURY.

In an action to recover for a personal injury sustained by plaintiff by falling down some steps in a railway passenger station, where a direct issue was made by the pleading whether or not the hallway into which the steps led was lighted at the time, on which the evidence was conflicting, and it was a further question whether defendant was relieved from the charge of negligence by the maintenance in the hall of a single arc light, shown to be subject to frequent suspensions or stoppage, the court properly refused to direct a verdict for defendant.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 282.*]

2. EVIDENCE (§ 373*)—DOCUMENTARY EVIDENCE—AUTHENTICATION.

On an issue as to whether an arc light in a railway station was burning at the time of an accident to plaintiff, a daily report of a watchman to witness, an electrician of the building, with respect to the condition of the lights, which did not show any stoppage of lights on the day in question, was inadmissible; the report not being made by witness, and he having no personal knowledge as to the matter reported.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 373.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. EVIDENCE (§ 143*)—MATERIALITY.
> The report was inadmissible because it was not a report of any fact and proved nothing except by inference.
> [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 143.*]

4. APPEAL AND ERROR (§ 273*)—EXCEPTIONS TO INSTRUCTIONS.
> An exception to a charge, in order to found a right to review, must be sufficiently distinct and specific to direct the attention of the court to the particular error which is the subject of complaint.
> [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 273.*]

In Error to the Circuit Court of the United States for the Southern District of Ohio.

B. B. Nelson, for plaintiff in error.

H. A. Reeve and C. F. Williams, for defendant in error.

Before LURTON and SEVERENS, Circuit Judges, and COCHRAN, District Judge.

SEVERENS, Circuit Judge. The plaintiff in error is a corporation organized under the laws of Ohio, and, as alleged in the petition, was at the time of the occurrences stated therein engaged in the conduct and operation of a general depot and passenger station for steam railways at Cincinnati intended for the use of all passengers arriving and departing on railway trains operating therein. The plaintiff was on a trip from Pittsburg to Atlanta, and on the morning of November 16, 1905, left the incoming train at Cincinnati about 8 o'clock, intending to continue her journey by the next train on a railroad going south. On leaving the train by which she came, she, in company with a daughter, passed into a reception room provided for passengers in the depot. After waiting there a short time, they attempted to go across a hall or passageway to the dining room in the depot. There were some steps at the doorway, which was not the one by which she entered the reception room. The hall was dark, and it had been customary to maintain an electric light therein, near the doorway, by which she left the reception room; but on the present occasion, as the plaintiff claims, there was no light burning in the hall, and she did not see the steps, and in her petition she alleges:

"That by reason of the default, negligence, and carelessness of the defendant, in failing to provide said passageway with suitable and proper lights, this plaintiff, without fault or negligence on her part, fell and was violently thrown into an areaway in said station or depot, and by reason thereof dangerous wounds were inflicted about her person, breaking her right leg near the hip and otherwise bruising and wounding her about the body, and that, by reason of the injuries so as aforesaid inflicted upon the body of this plaintiff, she will necessarily suffer as the result of said injuries great pain and agony during the period of her natural life and will be permanently crippled therefrom."

The answer of the defendant was as follows:

"This defendant denies that there was any default, negligence, or carelessness on its part in failing to provide the passageway between said reception room and dining room with suitable and proper lights, but, upon the contrary, that said passageway was well lighted, safe, and in proper and safe condition for the use of the public, and avers that if the plaintiff fell, or was violently thrown into the areaway in said station and depot, it was solely because of

the carelessness, negligence, and inattention of the plaintiff, and not because of any fault, neglect, or negligence on the part of this defendant. Defendant avers that it has no knowledge whatever of any injuries received by the plaintiff, and therefore denies the same."

For reply the plaintiff averred:

"That she denies that the said passageway was well lighted and safe; and denies that same was in a safe condition for the use of the public, and denies that she, said plaintiff, was guilty of any carelessness or negligence in the premises."

The cause was tried before a jury and resulted in a verdict in favor of the plaintiff for $3,500.

The errors assigned are grouped under three topics for discussion in the brief of counsel for the plaintiff in error, which we will consider in his order.

1. At the conclusion of the evidence, the court overruled a motion to direct a verdict for the defendant. The testimony of the plaintiff and her daughter was to the effect that the morning was dark and gloomy, that there was no artificial light in the hall, that the hall was dark, that there was only a ray of light coming from the street outside, that she did not see the steps, and that she "just walked off, fell." The defendant called witnesses who testified that the defendant maintained an electric light near the door of the reception room, and that it was alight shortly before and shortly after the accident, perhaps 10 minutes; but no one testified more definitely than this how long before the light went out, if indeed it went out at all. There was also evidence to show that arc lights, such as this was, frequently go out and have to be attended to, and sometimes they go out and light again "on their own motion," as the witness said. Upon this evidence there was a question whether the hall was lighted at the time of the accident. This was the issue made by the pleadings, and, the evidence being conflicting, the question was for the jury. Another question germane to the issues was whether a single light in so large an area, subject, as it was, to frequent suspensions, was a sufficient provision for light in a place so much frequented. Of this also the jury were to judge.

In support of his contention counsel further urges that sufficient time had not elapsed after the lamp went out to charge the defendant with notice of it. Apparently, it would be a sufficient answer to this to say that the issue made by the defendant's answer was that the passageway was well lighted, safe, and in proper and safe condition for the use of the public; but, waiving this, prima facie it was sufficient for the plaintiff to show that the hall was not lighted at the time she fell and was hurt. If there were any facts which, being proven, would excuse the defendant for the conditions existing, it was for that party to prove them. Moreover, it appears that the defendant had employés on the spot to look after the lamps and see that they were kept burning, and there was evidence from which the jury might think they had not discharged that duty; or the jury might think, as we have said, that the provision of this single lamp for such a place was not adequate to the requirements. The court did not err

in refusing the request of defendant for a peremptory instruction in its favor.

2. The defendant called as a witness one Lagouskey, who stated that he was the electrician in charge of the lights at the depot, that it was customary for him to have and keep a record of daily reports brought in by a man about the station in regard to any defects occurring in the lighting, that he had with him a report for the day in question, but that he had no personal knowledge as to the lighting in the hall that day. Counsel for defendant then offered the report in evidence, stating that it did not show any "outage" (stoppage) of the lights on that circuit that day. On objection the report was rejected. It was not a report made by the witness, and he at no time had any knowledge whether the report was correctly made or not. It was not a report of any fact and proved nothing except by inference. We think it was properly rejected.

3. The defendant complains of the instruction of the court in regard to the duty of the defendant to keep the hall lighted. The court said:

"It was the duty of the company to furnish proper light so that she could see her way, so that intending passengers of the various trains in this depot could pass from the waiting room into the dining room in safety. Did the defendant do its duty in that regard?"

This was unobjectionable, if we have regard to the issue made by the answer, which is perhaps enough to say of it; but counsel for the defendant says that it was incorrect in not stating that the defendant's duty was to use due care, reasonable diligence, in keeping the hall lighted, and that the duty to keep the hall lighted was not an absolute duty. The language of the court was nearly correct, but not quite. If the counsel had called the attention of the court to it and stated the correction, no doubt the court would have set the matter right. No doubt, the error being slight, the counsel did not observe it, or, if he did, forebore to raise the point, considering it unimportant. We think it cannot now be raised to overturn the judgment. We were confronted with a similar question in the case of Coney Island Co. v. Dennan, 149 Fed. 687, 691, 692, 79 C. C. A. 375, and disposed of it in the same way.

If the jury believed the testimony of the plaintiff, as they seem to have done, the defendant has no fair ground for complaining of the verdict.

The judgment will be affirmed, with costs.