HAYNIE v. TENNESSEE COAL, IRON & R. CO.

(Circuit Court of Appeals, Fifth Circuit. December 23, 1909.)

No. 1,744.

**1. MASTER AND SERVANT (§ 286\*)—INJURIES TO SERVANT—NEGLIGENCE—QUESTION FOR JURY.**

Deceased, an electrician, during the temporary stopping of machinery was directed to repair an electric light, to do which it was necessary for him to stand where he could get a secure footing only while the machinery was stationary. While replacing the globe, the machinery was suddenly started without warning, the drum revolving at high velocity, and decedent fell and was instantly killed. *Held*, that defendant was not free from negligence as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010–1050; Dec. Dig. § 286.\*]

**2. MASTER AND SERVANT (§ 137\*)—DEATH OF SERVANT—DUTY.**

Where the head roller in a steel mill directed an electrician to repair a light over machinery, which could be done with safety only while the machinery was stationary, it was the duty of such superior to know that decedent was in a place of safety before starting the machinery.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 137.\*]

**3. TRIAL (§ 139\*) — QUESTION OF LAW OR FACT — ISSUES — WITHDRAWAL FROM JURY.**

A case should not be withdrawn from the jury, unless the conclusion follows as a matter of law that no recovery can be had on any view which can properly be taken of the facts which the evidence tends to prove.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341; Dec. Dig. § 139.\*]

In Error to the Circuit Court of the United States for the Northern District of Alabama.

Action by F. E. Haynie, as administrator, against the Tennessee Coal, Iron & Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed.

Will Denson, for plaintiff in error.

Walker Percy, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

BURNS, District Judge. Plaintiff's intestate was at the time of his injury and death in the service of the defendant company, charged with the duty of repairing and maintaining the electric lights and apparatus connected with the operation of its steel plant located at Ensley in the state of Alabama. Upon the conclusion of the evidence, on

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

motion of defendant, a verdict was directed in its favor,. which action is assigned as error.

The case is discussed in the brief of the defendant in error upon three propositions: First, that no negligence is shown upon the part of the defendant; second, that the evidence discloses that the deceased was guilty of contributory negligence; third, assumption of risk upon the part of deceased. Therefore the motion to direct a verdict was proper. Should the uncontroverted evidence, upon examination of the record, disclose no negligence upon the part of the defendant. then the first contention would have the support of the authorities. The question of contributory negligence, however, is rarely for the consideration of the court. The determination of this question is almost uniformly for the jury. The facts do not invite a discussion of assumed risk. The matter for review arising from the record is not whether the evidence is sufficient to relieve the defendant of the charge of negligence; but does the testimony, upon the whole case, raise the issue of negligence upon the part of the defendant? In other words, would different minds reach different conclusions upon the status of the record here presented?

It is sufficient to say it has that effect. The deceased, in the language of two of the witnesses, was under the direction of the head roller, and while engaged in repairing an electric light the machinery was suddenly put in motion, without warning, thereby resulting in instant death to the employé. The testimony is that Haynie could readily have been seen, and that the placing of the machinery in motion rendered his escape impossible. The evidence discloses that he was not seen by the head roller. This is not material. The law does not relieve from liability upon the ground that the peril of the deceased was not discovered. The party alleged to be at fault would not likely admit knowledge of the danger to the deceased. Such admission would fix absolutely the liability of defendant. If the defendant knew, or by the exercise of ordinary care should have known, the situation of Haynie, the liability follows. The evidence shows the relative positions of the parties, the short distance intervening, and that the presence of Haynie could have been known by looking. This raises the question of negligence for the consideration of the jury.

The record discloses that the head roller signaled twice for the deceased. Upon his responding, the manager pointed to the light being out, and directed its repair after the mill was shut down. This, in substance, is his statement. Two other employés, standing upon the platform, each as close to the man giving directions as the one to whom direction was given, were unable to hear the conversation on account of the noise made by the machinery. It is fair to presume that the deceased heard the direction indistinctly. His subsequent act bears out this presumption. The agent authorized to give direction pointed to the small dial upon which the light was out, the machinery was "shut down" in the sense that it was not in motion, and the deceased went upon the drum to install the light. The entire evidence and physical situation make this apparent. The drum had a velocity of 1,400 revolutions to the minute. It follows that deceased could only secure his footing whilst the machinery was stationary. When the

master, or his representative, in charge of huge, ponderous machinery, undertakes to direct one subject to his control to make necessary repairs, he is charged with the duty of exercising such care as will enable the employé to hear his orders, and failure so to do will not relieve the master. Orders which are not heard, in contemplation of law, are not given.

The lips of the youth who undertook to replace the globe are silent. His conduct speaks for him, and raises the issue as to whether he heard more than the signal blast of the whistle, and, responding thereto as a call to duty, he saw the hand of the "man in charge" pointing to the light being out upon the small dial. Thereupon operation of the machinery ceased. It may well occur to different minds that a different conclusion may be drawn as to the instructions given to the employé; whether or not as given, they were heard and understood. From the hand pointing to the dial, the electrician saw and understood that the light was out. When the machinery ceased to operate, his act would indicate that the time had arrived for replacing the globe, as he heard and understood the order. If the work was not then to be performed, whence the necessity for the call?

The human mind would reach no other conclusion but that the representative of the master, the man who directed the repair work, knew naught of the danger surrounding the deceased; but the law not only permits, but directs, an inquiry as to whether or no, in the exercise of ordinary care, he should have known. A case should not be withdrawn from the jury, unless the conclusion follows, as matter of law, that no recovery can be had upon any view which can properly be taken of the facts which the evidence tends to establish. T. & P. Ry. Co. v. Cox, 145 U. S. 594, 12 Sup. Ct. 905, 36 L. Ed. 829.

We are of the opinion that the assignment of error, based upon an instructed verdict, should be sustained. It follows that the judgment must be reversed, and it is so ordered.