PATTERSON et al. v. JACKSONVILLE TRACTION CO.

(Circuit Court of Appeals, Fifth Circuit.    April 8, 1914.    Rehearing Denied
May 18, 1914.)

No. 2593.

1. CARRIERS (§ 315*)—INJURIES TO PASSENGER—ACTIONS—ISSUES—PLEA OF NOT GUILTY.

Under rule 71 of the Rules of the Florida Circuit Court in Common-Law Actions, providing that in actions for torts a plea of not guilty denies only the breach of duty or the wrongful act, and not facts stated in the inducement, a plea of not guilty to a declaration for injuries received in a collision between two street cars, alleged to be owned and operated by defendant, does not deny that defendant owned and operated the cars, and plaintiffs need not prove that fact.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1281, 1282; Dec. Dig. § 315.*]

2. CARRIERS (§ 320*)—INJURIES TO PASSENGER—NEGLIGENCE OF CARRIER—RES IPSA LOQUITUR.

Where plaintiff established the fact that she was injured while a passenger on defendant's car and while exercising due care for her own safety, it devolved on defendant to show that the injury was unavoidable by human foresight, and a verdict should not be directed for the failure of plaintiff to show that defendant owned and operated the car which collided with the one on which plaintiff was riding.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153. 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. § 320.*]

3. TRIAL (§ 143*)—TAKING CASE FROM JURY—CONFLICTING EVIDENCE.

Where there is evidence tending to show that plaintiff suffered injuries in a collision between two of defendant's cars, even though defendant's evidence, to the effect that she sustained no injury, may be of greater weight, it is improper to direct a verdict for defendant for plaintiff's failure to show injuries, since the jury should be permitted to decide controverted issues of fact.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action by Nina F. Patterson and another against the Jacksonville Traction Company. Judgment for defendant upon a directed verdict, and plaintiffs bring error. Reversed and remanded for new trial.

Suit was brought by the plaintiff in error, Nina F. Patterson, joined by her husband, hereinafter referred to as plaintiffs, to recover damages of the defendant in error, hereinafter referred to as defendant, for injuries by her received while a passenger on one of its cars.

For the purpose of disposing of the question arising under the pleadings, it is deemed proper to insert the following allegations of the declaration filed by the plaintiffs: "Comes now Nina F. Patterson and C. O. Patterson, her husband, plaintiffs in the above cause, by their attorneys, A. H. King and Roswell King, and sues the defendant, Jacksonville Traction Company, a corporation doing business in the county of Duval and state of Florida, and with its principal place of business in the city of Jacksonville, Duval county, Fla., for this, to wit: That during the month of May, 1911, and during each day thereof, the defendant was in possession of and was operating and managing, and was during said period, and still is responsible for the proper operation and management of a system of street railway in the city of Jackson-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ville, Duval county, Fla., operated and managed by it; that plaintiff Nina F. Patterson, on the 14th day of May, 1911, at about noon, boarded and took passage as a passenger on one of the street cars operated by defendant for transportation as a passenger in due course; and as such passenger she was transported by defendant on its said car to the intersection of Main and Phelps streets in said city of Jacksonville, where said car was stopped by defendant, and while said car was so stopped and standing, and while the plaintiff Nina F. Patterson was in such car as such passenger, another street car of defendant, by and through the negligence and carelessness of defendant, was run into the rear of said car upon which plaintiff Nina F. Patterson was riding, as aforesaid, with great force and violence.   *   *   *"

To the declaration the defendant interposed a plea of not guilty, upon which issue was duly joined, and the cause proceeded to a hearing. At the conclusion of the evidence on the part of the plaintiffs, the defendant moved for a peremptory instruction to the jury to find a verdict in its favor on the ground that there was no evidence that would warrant a finding for the plaintiffs. The motion was overruled by the court. Thereupon the defendant placed physicians and surgeons on the stand, who testified touching the condition of the plaintiff Mrs. Patterson, and of the injuries from the effects of which she claimed to be suffering. After both parties closed their testimony, the defendant again moved the court for a peremptory instruction in its favor "on the ground that there was no testimony that would warrant a finding for the plaintiffs, and that all the testimony shows that the plaintiff is not entitled to recover, and on the ground that the testimony shows that the plaintiff was not injured by the defendant, on the ground that the plaintiff has not proved that the acts of negligence set up in the declaration were committed by the defendant, and on the ground that the testimony in the case preponderates in favor of the defendant."

The motion was granted by the court, and in obedience to the instruction a verdict of not guilty was returned and judgment duly entered in accordance therewith. The plaintiffs duly excepted to the peremptory instruction and prosecute error to reverse the judgment.

A. H. King, Roswell King, H. Bisbee, and George C. Bedell, all of Jacksonville, Fla., for plaintiffs in error.

John L. Doggett and Henry C. Clark, both of Jacksonville, Fla., for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge (after stating the facts as above). It is insisted by the defendant that the action of the trial court in giving the peremptory instruction was right, because the plaintiffs failed to prove: (1) That the defendant did the wrongful act alleged in the declaration, and (2) that the plaintiff Mrs. Patterson actually sustained the injury alleged in the declaration.

[1] As to the reason first assigned, it may be said that the record fails to disclose that proof was offered by the plaintiffs to show that the car, which ran into the one in which Mrs. Patterson was sitting at the time of the accident, was owned and operated by the defendant. But the declaration does allege in plain language that, while the car was stopped and standing, and while Mrs. Patterson was in the car as a passenger—

"another street car of the defendant, by and through the negligence and carelessness of the defendant, was run into the rear of the car upon which Mrs. Patterson was riding, with great force and violence."

To the declaration the only plea interposed by the defendant was one of not guilty, which, since the adoption by the Supreme Court of Florida of rule 71 of Rules of Circuit Court in Common-Law Actions, operates as a denial only of the breach of duty or wrongful act. And in the present case the plea admits, in view of the allegations of the declaration, that the defendant owned and operated both cars at the time of the accident which resulted in Mrs. Patterson's injuries, and the record contains evidence tending strongly to prove negligence as alleged.

Pretermitting the illustrative examples of rule 71, the rule itself is in the following words:

"In actions for torts, the plea of not guilty shall operate as a denial only of the breach of duty or wrongful act alleged to have been committed by defendant, and not of the facts stated in the inducement, and no other defense than such denial shall be admissible under that plea; all other pleas in denial shall take issue on some particular matter of fact alleged in the declaration."

Rule 71 is a copy of the English rule on the same subject; and, in view of the Florida authorities and the following English cases, it seems clear to us that proof of the facts complained of was not essential under the plea of not guilty. If the defendant desired to traverse them, it might have done so by special plea containing the proper averments. See A. C. L. R. R. Co. v. Crosby, 53 Fla. 400, 43 South. 318; Jacksonville Electric Company v. Sloan, 52 Fla. 288, 42 South. 516; Taverner v. Little, 5 Bing. N. C. 678; Dunford v. Trattles, 12 M. & W. (Exchequer) 529; Hart v. Crowley, 40 Eng. Com. Law, 77.

[2] Pursuing the subject further, we are not disposed to rest our conclusion solely upon the question of the quantum of proof necessary to be introduced under the plea of not guilty. The record discloses that the plaintiff was a passenger on one of the defendant's cars, and that, at the time she claims to have been injured, she was in the exercise of due care in looking out for her own safety. What was then the duty of the defendant? It devolved upon it to show by proof that the injury was unavoidable by human foresight. But the defendant introduced no testimony on that point. In Gleeson v. Virginia Midland Railroad Co., 140 U. S. at page 443, 11 Sup. Ct. 862, 35 L. Ed. 458, it was said by the court:

"Since the decisions in Stokes v. Saltonstall, 13 Pet. 181 [10 L. Ed. 115], and Railroad Company v. Pollard, 22 Wall. 341 [22 L. Ed. 877], it has been settled law in this court that the happening of an injurious accident is, in passenger cases, prima facie evidence of negligence on the part of the carrier, and that (the passenger being himself in the exercise of due care) the burden then rests upon the carrier to show that its whole duty was performed, and that the injury was unavoidable by human foresight. The rule announced in those cases has received general acceptance, and was followed at the present term in Inland & Seaboard Coasting Company v. Tolson, 139 U. S. 551 [11 Sup. Ct. 653, 35 L. Ed. 270]."

See, also, Southern Pacific Co. v. Cavin, 144 Fed. 348, 75 C. C. A. 350, and authorities cited.

[3] It thus appears that the case could not properly be withdrawn from the jury on the ground that the plaintiffs had failed to establish negligence on the part of the defendant; and it becomes our duty to

consider the second ground urged by the defendant to sustain the action of the trial court, to wit, that the plaintiffs failed to prove that Mrs. Patterson actually sustained the injuries alleged in the declaration. Touching this objection it is only necessary to observe that there was testimony tending clearly to show that Mrs. Patterson suffered injuries as a result of the accident. The nature and extent of her injuries was testified to by several witnesses, one of them stating that:

"Before she was hurt she was very energetic and could go about her housework or any duties she had to perform, and that is different now, and I should say she has aged 10 or 15 years."

Let it be admitted, but we would not be understood as so finding, that it was shown by the physicians testifying, on the part of the defendant, that Mrs. Patterson was not hurt as claimed; that her injuries were purely imaginary and without any real basis in fact; that the evidence preponderated in favor of the defendant—still these and kindred questions should have been submitted, under proper instructions, to the consideration of the jury, whose duty it is to determine controverted questions of fact. The rule is thus stated by the Supreme Court in Texas & Pacific Railway Co. v. Cox, 145 U. S. at page 606, 12 Sup. Ct. 909, 36 L. Ed. 829:

"The case should not have been withdrawn from the jury unless the conclusion followed, as matter of law, that no recovery could be had upon any view which could be properly taken of the facts the evidence tended to establish. Dunlap v. Northeastern Railroad, 130 U. S. 649, 652 [9 Sup. Ct. 647, 32 L. Ed. 1058]; Kane v. Northern Central Railway, 128 U. S. 91 [9 Sup. Ct. 16, 32 L. Ed. 339]; Jones v. East Tennessee, Virginia & Georgia Railroad, 128 U. S. 443 [9 Sup. Ct. 118, 32 L. Ed. 478]."

In Big Brushy Coal & Coke Co. v. Williams, 176 Fed. 532, 99 C. C. A. 105, it was said by the Circuit Court of Appeals for the Sixth Circuit:

"It was not the province of the court below to weigh the evidence, when considering the motion to direct at the close of all the testimony. The motion must be overruled, where the testimony presented by the plaintiff, if believed by the jury, will support the petition. Mt. Adams & E. P. Inclined Ry. Co. v. Lowery, 74 Fed. 463, 477, 20 C. C. A. 596; Central Union Depot & Ry. Co. v. Mansfield, 169 Fed. 614, 95 C. C. A. 142; Norfolk & W. Ry. Co. v. Hazelrigg, 170 Fed. 551, 95 C. C. A. 637; L. S. & M. S. Ry. Co. v. J. Eder, Jr. (decided December 7, 1909) 174 Fed. 944 [98 C. C. A. 556]; Noble v. C. Crane & Co., 169 Fed. 55, 94 C. C. A. 423; Van Stone v. Stilwell & Bierce Mfg. Co., 142 U. S. 128, 135, 12 Sup. Ct. 181, 35 L. Ed. 961. In our opinion there was such testimony. The weight of the evidence and the extent and effect of contradiction present questions for the jury. Crumpton v. United States, 138 U. S. 361, 363, 11 Sup. Ct. 355, 34 L. Ed. 958."

See, also, McIntyre v. Modern Woodmen of America, 200 Fed. 1, 121 C. C. A. 1; Haynie v. T. C. I. & R. Co., 175 Fed. 55, 99 C. C. A. 71.

For the reasons stated we are of the opinion that the trial court erred in instructing the jury to return a verdict for the defendant. The judgment should therefore be reversed, and the cause remanded for a new trial; and it is so ordered.