## UNITED STATES v. HAMMOND.

(District Court, N. D. California, Second Division. September 25, 1914.)

### No. 15130.

1. TRIAL ☞278—INSTRUCTIONS—EXCEPTIONS—SUFFICIENCY.

In the District Courts, an exception to a charge, in order to entitle a party to have it entertained on motion for new trial, must be sufficiently distinct and specific to direct the attention of the court to the particular vice or error complained of, so that the court may see whether the objection is well-founded, and have an opportunity, before the jury retires, to correct any error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 686, 689; Dec. Dig. ☞278.]

2. TRIAL ☞278—INSTRUCTIONS—SUFFICIENCY OF EXCEPTION TO CHARGE.

In an action by the United States for the conversion of timber on public lands, where the court charged on the measure of damages both as for a willful and for an innocent taking, the defendant excepting to such charge in the language: "We except as to the measure suggested by the court. We claim that the only measure that can exist under the circumstances is the value of the stumpage in the tree, and I think your honor's instructions add to it another element"—such exception was not sufficiently specific to call the court's attention to error in its charge as on an innocent taking, urged on motion for new trial, since: (1) The charge covered two alternative propositions, there being nothing in the language of the exception to indicate whether it referred to the first rule stated, regarding the willful taking, or the second, regarding the innocent taking; while (2) if the exception sufficiently indicated its application to the charge on an innocent taking, it gave no suggestion of the defects which defendant claimed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 686, 689; Dec. Dig. ☞278.]

3. PUBLIC LANDS ☞13—DAMAGES—TIMBER ON PUBLIC LANDS.

In the government's action for the conversion of timber on public lands, the measure of damages for a willful taking was the value of the timber in whatever condition it may have been in at the time of its disposition or sale by the defendant, and, if the taking was innocent and under an honest belief of right, the damages were the difference between the expense of manufacturing and the price for which the timber was sold.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 16-18; Dec. Dig. ☞13.]

4. TRIAL ☞278—INSTRUCTION—EXCEPTION—SUFFICIENCY.

Where, in the government's action for the conversion of timber on public lands, the court charged that in fixing the verdict the jury should include interest on the value of any lumber converted, from the date of such conversion to the present, at the legal rate of 7 per cent. the exception reserved, "I except to your honor's instructions with regard to interest," was not sufficiently specific to call the court's attention to the criticism that the allowance of interest should have been left to the discretionary judgment of the jury to entitle defendant to rely thereon on his motion for new trial, since the charge embraced two propositions, the right of the plaintiff to interest, and, second, the rate, while the exception was not of a nature to indicate whether the exception was aimed at the discretion fixed in the jury to award interest, or the rate at which they should compute it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 686, 689; Dec. Dig. ☞278.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. TRIAL ☞308—SUBMISSION TO JURY—RE-READING TESTIMONY.
   Where, in the government's action for the conversion of timber on public lands, the jury requested the further reading of the evidence of a witness, the suspension at the request of the jury of such reading, when it reached a point where they announced that their desire was satisfied, was not erroneous, since the object for which they had come into court was accomplished, to refresh their memory, and the court was justified in ordering the reading stopped.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 743; Dec. Dig. ☞ 308.]

At Law. Action by the United States of America against A. B. Hammond. Verdict for plaintiff, and defendant moves for new trial. Motion denied.

Frank Hall, Asst. Atty. Gen., Benjamin L. McKinley, U. S. Atty., of San Francisco, Cal., and Thomas H. Selvage, Asst. U. S. Atty., of Eureka, Cal., for the United States.

Charles S. Wheeler and W. S. Burnett, both of San Francisco, Cal., for defendant.

VAN FLEET, District Judge. The government brought this action to recover the value of a large quantity of timber cut from the public lands and alleged to have been converted to the use of defendant. The jury gave a verdict for the plaintiff, and the defendant now asks for a new trial.

There are several grounds assigned in the petition as involving error, but the only points upon which stress has been laid in the presentation of the motion are two involving the correctness of the charge of the court upon the subject of the measure of damages. It appearing that all the timber in question had been manufactured and sold before suit, the court charged the jury as follows:

"If, under the principles I have stated, you find that the defendant, or any of the corporations named, acting under his direction and control, knowingly and willfully cut and converted the timber mentioned in the complaint, or any part thereof, then the plaintiff is entitled to recover the market value of the timber so converted in whatever condition it may have been at the time of its disposition or sale.

"If you find that the defendant, or any of the said corporations while acting under his direction and control, converted the timber mentioned in the complaint, or any part thereof, under the honest but mistaken belief that he or they had the right under the law to cut and remove such timber, then in assessing the damages you will fix the value of the same at the time of conversion less the amount which was added to its value before sale; in other words, if you find that timber was so cut and removed from lands of complainant and that there was added thereto certain value by reason of the manufacturing of said timber into lumber for the market, then the measure of damages will be the difference between the expenses incurred in the manufacturing of said lumber and the price for which it was sold in the market."

This feature of the charge gives rise to the first objection urged. It is contended that it is erroneous in that, first, the measure of damages when the taking is innocent is not the difference between the expense incurred in manufacturing the lumber and the price for which it is sold, but is the stumpage value only; and, second, that the instruc-

tion was inapplicable to the facts of the case because there was no evidence offered to show the expense of manufacture of the lumber.

[1, 2] In the first place, I do not regard the exception reserved as sufficiently specific to point the court's attention to either aspect of the objection now urged, and, if that view be correct, it cannot now be availed of to challenge the propriety of the instruction in the particulars complained of, even if otherwise well taken. The language of the exception is this:

"Next, as to the measure of damages. We except as to the measure suggested by the court. We claim that the only measure that can exist under the circumstances is the value of the stumpage in the tree, and I think your honor's instructions add to it another element."

It will be observed that the charge covers two alternative propositions, the first applicable to a willful taking, the second should it be found that it was unintentional or innocent. As to the first, no question is now made as to its propriety, the objection being aimed at the second, governing an innocent trespass. But there is nothing in the language of the exception that would indicate to the court whether it referred to the first rule stated or the second, and the court therefore could not know to which the objection was intended to apply. In its terms it would apply to one as readily as to the other. But, moreover, if it may be said that the exception sufficiently indicates its application to the rule governing an innocent taking, it is wholly lacking in any suggestion that it was aimed at either of the defects now urged. It contains no intimation as to what improper element was claimed to be included; nor does it even remotely suggest the idea that the charge was, for any reason, deemed inapplicable to the facts. No question of procedure is better settled in these courts than that an exception to a charge, in order to entitle one to have it entertained, must be sufficiently distinct and specific to direct the attention of the court to the particular vice or error complained of, that the court may see whether the objection is well-founded and have an opportunity, before the jury retires, to correct the mistake, if one has been made. Thus in McDermott v. Severe, 202 U. S. 600, 610, 26 Sup. Ct. 709, 712, 713 (50 L. Ed. 1162), discussing an exception to the charge of the court on the question of damages, where, as here, the charge involved several distinct elements, it is said:

"The court's attention was not called to any particular in which this charge, which covers a number of elements of damages, was alleged to be wrong, only a general exception was taken to the charge as given in this respect. It has been too frequently held to require the extended citation of cases that an exception of this general character will not cover specific objections, which in fairness to the court ought to have been called to its attention, in order that, if necessary, it could correct or modify them. A number of the rules of damages laid down in this charge were unquestionably correct, to which no objection has been or could be successfully made. In such cases it is the duty of the objecting party to point out specifically the part of the instructions regarded as erroneous. Baltimore & Potomac Ry. Co. v. Mackey, 157 U. S. 72, 86 [15 Sup. Ct. 491, 39 L. Ed. 624]. * * * It would be very unfair to the trial court to keep such an objection in abeyance and urge it for the first time in an appellate tribunal."

And again in Mobile, etc., Co. v. Jurey, 111 U. S. 584, 596, 4 Sup. Ct. 566, 572 (28 L. Ed. 527), where the charge embraced two several

elements and the exception failed to specify as to which it was intended to apply, it is said:

"Conceding that the charge in respect to the rate of interest was erroneous, the judgment should not be reversed on account of the error. The charge contained at least two propositions: First, that the measure of damages was the value of the cotton in New Orleans, with interest from the time when the cotton should have been delivered; second, that the rate of interest should be 8 per cent. It is not disputed that the first proposition was correct. But the exception to the charge was general. It was therefore ineffectual. It should have pointed out to the court the precise part of the charge that was objected to. 'The rule is that the matter of exception shall be so brought to the attention of the court, before the retirement of the jury to make up their verdict, as to enable the judge to corrct any error if there be any in his instructions to them.' Jacobson v. State, 55 Ala. 151.

" 'When an exception is reserved to a charge which contains two or more distinct or separable propositions, it is the duty of counsel to direct the attention of the court to the precise point of objection.' South & North Alabama R. Co. v. Jones, 56 Ala. 507.

"So in Lincoln v. Claflin, 7 Wall. 132 [19 L. Ed. 106], this court said: 'It is possible the court erred in its charge upon the subject of damages in directing the jury to add interest to the value of the goods. * * * But the error, if it be one, cannot be taken advantage of by the defendants, for they took no exception to the charge on that ground. The charge is inserted at length in the bill. * * * It embraces several distinct propositions, and a general exception cannot avail the party if any one of them is correct.' On these authorities we are of opinion that the ground of error under consideration was not well saved by the bill of exceptions."

The same principles are stated by Judge Morrow, speaking for the Court of Appeals for this Circuit in Montana Mining Co. v. St. Louis M. & M. Co., 147 Fed. 897, 909, 78 C. C. A. 33, and by Judge Gilbert in Butte, etc., Mining Co. v. Montana, etc., Co., 121 Fed. 524, 528, 58 C. C. A. 634. See, also, Springer, etc., Co. v. Falk, 59 Fed. 707, 8 C. C. A. 224; Stewart v. Morris, 96 Fed. 703, 37 C. C. A. 562; Porter v. Buckley, 147 Fed. 140, 78 C. C. A. 138; Coney Island Co. v. Dennan, 149 Fed. 687, 79 C. C. A. 375; Central, etc., Ry. Co. v. Mansfield, 169 Fed. 614, 95 C. C. A. 142; Beiseker v. Moore, 174 Fed. 368, 98 C. C. A. 272.

Within the principles of these cases, it would seem to be clear that the exception here taken to the feature of the charge under consideration is not such as to entitle the defendant to now urge the objections sought to be interposed.

[3] But if we may regard the exception as sufficient, in substance, to enable the court to consider the objections urged upon their merits, I think it will be found that the charge in the respect involved is fully in harmony with approved principles applicable to cases of this character. In Pine River Logging Co. v. United States, 186 U. S. 279, 293, 22 Sup. Ct. 920, 46 L. Ed. 1164, where the question as to the proper measure of damages in such cases is exhaustively considered, the court, referring to the previous case of Woodenware Co. v. United States, 106 U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230, as "decisive of the law in this connection," say as to what was there decided:

"The question was whether the liability of the defendant should be measured by the value of the timber on the ground where it was cut, or at the town where it was delivered. It was held that where the trespass is the re-

sult of inadvertence or mistake, and the wrong was not intentional, the value of the property when first taken must govern; or, if the conversion sued for was after value had been added to it by the work of the defendant, he should be credited with this addition. Upon the other hand, if the trespass be willfully committed, the trespasser can obtain no credit for the labor expended upon it, and is liable for its full value when seized; and if the defendant purchase it in its then condition, with no notice that it belonged to the United States, and with no intention to do wrong, he must respond by the same rule of damages as his vendor would, if he had been sued. * * * The cases involving this distinction and in line with the Woodenware Case are abundant, both in the federal and state courts, and are too numerous even for citation."

The principles there stated will be found reflected in their substantive effect in the language of the charge given, which, although differing in phraseology to conform with the facts of the case, states essentially the same rule. Counsel says that the charge is erroneous because, in effect, it directs the jury to deduct from the selling price of the lumber the cost of manufacture and bring in a verdict for the difference, thus giving the plaintiff the benefit of any profit upon the business of manufacturing and selling the lumber, whereas it was only entitled, if the taking was other than willful, to the value before manufacture. If the language will bear this construction, which is not conceded, there is a principle running through all the cases, sometimes implied rather than expressed, which the contention ignores, and that is that one committing a trespass by converting another's property, although innocently, is not entitled to reap a profit on the transaction. If the trespasser in such a case is permitted to retain all that he has expended in enhancing the value of the converted property, he is getting all the protection to which he is entitled.' Thus in Winchester v. Craig, 33 Mich. 205, a leading case upon the subject, it is said:

"The court under one branch of the charge instructed the jury to allow the market value at Detroit, or Toledo, less the sum of money which defendants expended in bringing it to market. This, we think, was as favorable as the plaintiff had any right in this case to expect. This was allowing the plaintiff more than the value of the timber when it was first severed from the realty. It did not permit the defendants to recover any profit upon what they had done, but protected them to the extent of the advances they had made; and this, we think, was correct."

See, also, Trustees of Dartmouth College v. International Paper Co. (C. C.) 132 Fed. 92.

As to the point that the instruction was inapplicable to the facts of the case, I deem it sufficiently answered by the record.

[4] The second objection urged against the charge is based upon this language on the subject of interest:

"In fixing the amount of any verdict you may find for the plaintiff, you should include interest on the value of any lumber so converted from the date of such conversion to the present time. * * * The rate of interest is the legal rate of 7 per cent."

The exception reserved to this portion of the charge was in these words, "I also except to your honor's instructions with regard to interest."

It is obvious, I think, that this exception is insufficient within the principles of the cases above cited, and particularly Mobile, etc., Co

v. Jurey, supra; the latter case being precisely apposite in the nature of the question involved. As in that case, the charge here embraces two distinct propositions on the subject to which it relates: First, the right of the plaintiff to interest, and, second, the rate by which it is to be estimated. The criticism now made is, not that plaintiff was entitled to interest in no event, but that its allowance should, under the circumstances, have been left to the discretionary judgment of the jury. But manifestly the language of the exception is not of a nature to convey any such significance to the mind of the court, nor indicate whether the objection was aimed at the direction to award interest or to the specification of the rate at which the jury should compute it. Had the court's attention been arrested to the objection now urged, it would have been a very easy matter to modify its language to avoid the criticism had it been deemed correctly founded. But although the prayer of the bill was amended at the trial to include the demand for interest, and plaintiff's requested instructions included one for its allowance, those of the defendant were silent on the subject, and the charge was framed upon the assumption by the court that its allowance was a matter of right. Moreover, the specification of the rate of interest, having been inadvertently omitted from the charge, was added by the court at the suggestion of counsel for the government before the jury retired, and neither then nor thereafter in taking his exceptions did defendant suggest any objection to the direction on the subject, other than the general exception above noted. Under the circumstances, I think the assertion of the objection now made must be held as unavailing.

In view of this conclusion, it would subserve no useful purpose to discuss definitely the question strongly mooted between counsel whether the objection now urged, if properly raised, would be well taken. It may be suggested that, while the question seems left in some doubt and difference in the federal courts, whether interest in the absence of statutory sanction is allowable as a matter of right, the rule of the charge is the generally prevailing one (Sedgwick's Elements of Damages [2d Ed.] p. 137; 1 Sedgwick on Damages, 631; Joyce on Damages, vol. 2, p. 1261, § 1105; Sutherland on Damages, vol. 2, p. 969, § 355), and is that prescribed by statute in this and most of the other states. These suggestions are made merely to illustrate that the question in controversy is a close one, and the case therefore essentially one where the exception should have been such as to specifically direct the attention of the court to the precise objection intended to be raised.

[5] As indicated, the other errors assigned have not been strongly urged and do not call for extended notice. As to the suspending, at the request of the jury, of the further reading of the evidence of the witness Hathaway, it clearly, in my judgment, involved no prejudicial error. The evidence was being read solely to refresh the memory of the jury, and, when it reached a point where they announced that their desire was satisfied and they wished to hear no more, the object for which they had come into court was accomplished, and the court was justified in ordering the reading stopped. Presumptively the jury expressed this desire because they remembered the evidence of the witness

in other respects. The case is unlike that of Hersey v. Tully, 8 Colo. App. 110, 44 Pac. 854, relied on by defendant. There the court against the objection of defendant directed what evidence should be read to the jury. Here the evidence was read with the consent of both parties until the point where the jury announced themselves satisfied. Logically, could the reading not have been stopped then, it could not, with any more propriety, have stopped short of reading all the evidence taken. As suggested by the court at the time, it was a question of the extent to which the jury felt they were in need of having their minds refreshed, as they had heard the entire evidence from the witness stand.

As to the point made that the evidence was insufficient to justify the verdict, I am satisfied that a reading of the record will disclose that this is without substantial merit.

These are all the points made, and I find nothing in them to warrant the court in granting a new trial.

The motion is, accordingly, denied.