## ST. LOUIS–SAN FRANCISCO RY. CO. v. LEACH et al.

No. 6276.

Circuit Court of Appeals, Sixth Circuit.

Nov. 17, 1933.

E. P. Russell, of Memphis, Tenn. (Canada & Russell, of Memphis, Tenn., on the brief), for appellant.

L. W. Taylor, of Memphis, Tenn., for appellees.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

PER CURIAM.

This case is here for the second time. Upon the first trial in the District Court there was a directed verdict in favor of the railway company. Judgment was rendered on the verdict and the case was brought here, by the then appellants, where the judgment was reversed because this court was of the opinion that the motion for a directed verdict should have been denied. The controlling evidence upon the first trial is set forth in the former opinion which will be found reported in (C. C. A.) 48 F.(2d) 722. Upon the retrial, the district judge, following the opinion of this court, denied the motion of appellant for a directed verdict and submitted the case to the jury, with the result that there were verdicts in favor of appellees and judgments were rendered in accordance therewith. The present appeal was brought to review these judgments.

Appellant insists that there is a difference in the evidence at the two trials. We do not think that the difference is material. There was evidence upon the second trial which indicated that the intervening period between the time the boy, Ernest K. Leach, Jr., mounted the car and the moment of his injury, was somewhat shorter than it was shown to have been upon the first trial; but even upon the present record we cannot say that there was not sufficient time within which the engineer or fireman, at least, might have ordered, warned, or admonished the boy to stay off the train and out of danger. There is substantial evidence tending to show that if such admonition had been given, the boy would have obeyed it and protected himself.

At both trials, in the court below, appellant's principal insistence was that the boy's injury was proximately caused by his own contributory negligence in "hopping" the train. This involved the question whether the boy, considering his age, experience, mental capacity, etc., was capable of exercising ordinary care for self-protection. Upon this particular feature the evidence adduced by appellant upon the second trial was somewhat stronger than upon the first, but it was not conclusive against appellee. There was evidence which, if believed by the jury, was sufficient to sustain appellee's contention that he was not contributorily negligent.

Appellant assigned errors upon that portion of the court's charge relating to discovered peril. This assignment was based upon an exception "to the charge relating to discovered peril." When the exception was made the court said to counsel, "I have tried to charge the jury according to the decision of the Court of Appeals in this case"; whereupon counsel responded, "I recognize that fact, Your Honor, but I wish to object to the instructions as indicated." The exception in this form was too general (see rule 10, clause 2, of this court) to support the as-

signment of error. Cass County v. Gibson, 107 F. 363, 367 (C. C. A. 6); Coney Island Co. v. Dennan, 149 F. 687, 692 (C. C. A. 6); Central Union Depot & R. Co. v. Mansfield, 169 F. 614, 617 (C. C. A. 6); Pennsylvania Co. v. Sheeley, 221 F. 901, 905 (C. C. A. 6). It did not distinctly and specifically call attention to the matters complained of in order that the court might, before the case was finally submitted, intelligently consider them and correct the errors if any existed.

We have examined the remaining assignments of error and in our opinion they present nothing prejudicial to any substantial right of appellant.

The judgments of the District Court are affirmed.